**No. 20-1732C**
**(Judge Dietz)**

---

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

LESLIE J. CONTI,

Plaintiff,

v.

UNITED STATES,

Defendant.

---

**DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

---

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARTIN F. HOCKEY, JR.
Acting Director

STEVEN J. GILLINGHAM
Assistant Director

DAN A. HOFFMAN

Of Counsel:                                 Trial Attorney
                                            Commercial Litigation Branch
HANK D. NGUYEN, Maj, USAF                   Civil Division
Personnel and Information Law               Department of Justice
AF/JAC Military Personnel Law and Litigation P.O. Box 480
1500 West Perimeter Rd., Suite 1370         Ben Franklin Station
Joint Base Andrews-                         Washington, DC 20044
Naval Air Facility, MD 20762                Tel: (202) 253-0547

April 29, 2021                              Attorneys for Defendant

# TABLE OF CONTENTS

QUESTIONS PRESENTED ................................................................................. 1

STATEMENT OF THE CASE ............................................................................. 1

STATEMENT OF FACTS ................................................................................... 2

    I.    The ANG Regulates Enlistments, Assignments, and Promotions with Separate
Instructions .......................................................................................................... 2

    II.    The Air Force Specialty Code System .................................................... 3

    III.    TSgt (RET) Conti's Early Air National Guard Career ............................. 3

    IV.    From January 2012 To November 2013, TSgt (RET) Conti Was Promotion
Ineligible Due To Her Overgrade Status, Incomplete USAF NCO Course, And Lack
Of Assignment To A UMD Position Authorized For Grade E-7 Or Greater .................... 4

    V.    From November 22, 2013 To October 2014, TSgt (RET) Conti Was Promotion
Ineligible Due To Overgrade Status And Lack of Assignment To A UMD Position
Authorized For Grade E-7 Or Greater ................................................................. 7

    VI.    From October 2014, To Her May 2018 Retirement, TSgt (RET) Conti Was
Promotion Ineligible Due To Two Or More of the Following: Her Overgrade Status,
Lack of Assignment To A UMD Position Authorized For Grade E-7 Or Greater,
Her Retraining Status / Failure to Attend Technical School, And Retainability .............. 7

    VII.    Retirement ........................................................................................... 12

    VIII.    AFBCMR Review .............................................................................. 12

ARGUMENT ..................................................................................................... 14

    I.    Overview .............................................................................................. 14

    II.    Motion to Dismiss ............................................................................... 14

    A.    The Court Must Dismiss This Case Because TSgt (RET) Conti's Foundational Claim
– The 149th Failed to Reassign Her – Lacks Both A Money-Mandating Statute And
Justiciability ...................................................................................................... 15

B.     TSgt (RET) Conti's Reassignment Allegations Are Also Nonjusticiable Because Reassignment Is Not a Promotion Procedure, Nor Does the Reassignment Instruction Provide A Workable Test Or Standard By Which To Judge The 149th's Conduct ........................................................................................................................ 19

C.     The Court Need Not Address The Promotion Process Because TSgt (RET) Conti Was Not Within It.   Even If She Were, TSgt (RET) Conti's Allegations Are Nonjusticiable Because They Do Not Rise To The "Clear-Cut" Exception Required For Promotion Justiciability ............................................................................................................................ 22

III.     The AFBCMR's Decision Was Not Arbitrary, Capricious, Or Unsupported By Substantial Evidence ........................................................................................................ 25

A.     The AFBCMR Is Presumed To Have Considered TSgt (RET) Conti's "Promote" EPR.   There Is No Evidence The AFBCMR Relied On, Exclusively Or Otherwise, The Inspector General's "No Documentation" Statement.   The AFBCMR Only Noted The Inspector General's Finding Of No Credible Evidence Of Violation of Law, Instruction, Regulation Or Policy ........................................................................................................... 26

B.     The AFBCMR Concurred With The Rationale And Recommendation Of The Force Management Branch Of The NGB (NGB/A1PP) Because Substantial Evidence Support Both The Recommendation And Rationale .......................................................................... 27

C.     The AFPD 36-25 And DoDD 1304.20 Do Not Exclude the Application of Promotion Instruction II, Para. 10.1.2 To TSgt (RET Conti) ................................................................ 29

D.     The AFBCMR's Conclusion That TSgt (RET) Conti Did Not Demonstrate Material Error Or Injustice Is Supported By Substantial Evidence And Consistent With The Law .. 29

## **TABLE OF AUTHORITIES**

### **Cases**

*A&D Fire Prot., Inc. v. United States*, 72 Fed. Cl. 126, 131 (2006) ............................................. 25

*Adkins v. United States*, 68 F.3d 1317, 1322 (Fed. Cir. 1995) ...................................................... 19

*Anderson v. United States*, 111 Fed. Cl. 572, 582 (2013) .............................................................. 18

*Baker v. Carr*, 369 U.S. 186, 198 (1961) ....................................................................................... 18

*Barnes v. United States,* 473 F.3d 1356, 1361 (Fed. Cir. 2007) .................................................... 19

*Brenner v. United States*, 202 Ct.Cl. 678 (1973), *cert. denied*, 419 U.S. 831, 95 S.Ct. 54, 42
    L.Ed.2d 56 (1974) ....................................................................................................................... 22

*Dodson v. United States*, 988 F.2d 1199, 1204 (Fed. Cir. 1993) ................................................... 26

*Dysart v. United States*, 369 F.3d 1303, 1315 (Fed. Cir. 2004) ............................................... 22, 23

*Fisher v. United States*, 402 F.3d 1167, 1174-75 (Fed. Cir. 2005) ............................................... 16

*Gilligan v. Morgan*, 413 U.S. 1, 10 (1973) .................................................................................... 18

*Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983) ..................................................... 28

*Knightly v. United States*, 227 Ct.Cl. 767, 769 (1981) ................................................................. 17

*Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 906 (Fed. Cir. 1986) .............................................. 26

*Murphy v. United States*, 993 F.2d 871, 873 (Fed. Cir. 1993) ............................................ 19,20, 21

*Newman v. United States*, 185 Ct. Cl. 269, 276 (1968) .................................................................. 28

*Orloff v. Willoughby*, 345 U.S. 83, 93 (1953) ................................................................................ 18

*Pittman v. United States*, 135 Fed. Cl. 507, 537–38 (2017) ........................................................... 18

*Richey v. United States*, 322 F.3d 1317, 1326 (Fed. Cir. 2003) ..................................................... 26

*Robbins v. United States*, 29 Fed. Cl. 717, 725 (1993) .................................................................. 25

*Rostker v. Goldberg*, 453 U.S. 57, 70-71 (1981) ........................................................................... 18

*Sargisson v. United States*, 913 F.2d 918, 921 (Fed. Cir. 1990) .............................................. 17, 20

*Smith v. Sec'y of Army*, 384 F.3d 1288, 1294-95 (Fed. Cir. 2004) ........................................... 16, 17

*Spellissy v. United States*, 103 Fed. Cl. 274, 283 (2012) .............................................................. 25

*Voge v. United States*, 844 F.2d 776, 781 (Fed. Cir. 1988) ...................................................... 16, 18

*Wilson v. Walker*, 777 F.2d 427, 429 (8th Cir.1985) ..................................................................... 18

*Wronke v. Marsh*, 787 F.2d 1569, 1573 (Fed. Cir. 1986) ......................................................... 25, 27

*Wyatt v. United States*, 23 Cl. Ct. 314, 319 (Cl. Ct. 1991) .......................................................... 25

### **Statutes**

10 U.S.C. § 10501 .............................................................................................................................. 4

10 U.S.C. § 1201 .............................................................................................................................. 16

10 U.S.C. § 12686 .............................................................................................................................. 9

37 U.S.C. § 204 ........................................................................................................................... 16, 17

### **Rules**

Rule 12(b) .......................................................................................................................................... 1

## DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

Defendant, the United States, respectfully requests that this Court dismiss plaintiff Leslie J. Conti's (TSgt (RET) Conti) complaint under Rule 12(b) of the Rules of the Court of Federal Claims (RCFC).   TSgt (RET) Conti has failed to state a claim upon which relief can be granted. In the alternative, the United States respectfully requests the Court grant judgment upon the administrative record in favor of the United States pursuant to Rule 52.1 of the Rules of the United States Court of Federal Claims (RCFC).   In support of these motions, the United States relies upon Ms. Leslie J. Conti's complaint, the administrative record (AR), the following brief, and a future reply brief.

## QUESTIONS PRESENTED

1)     Does Air National Guard Instruction (ANGI) 36-2101 – an instruction addressing *job assignments* – provide an inherent test or standard for this Court to measure the military's conduct regarding *promotions* in the Air National Guard (ANG), or does TSgt (RET) Conti ask this Court to decide military affairs beyond its competence, applying the wrong test and standard?

2)     Was the decision of the Air Force Board for Correction of Military Records (AFBCMR) arbitrary, capricious, contrary to law, or unsupported by substantial evidence in declining to grant TSgt (RET) Conti's increased retired pay with a retroactive promotion?

## STATEMENT OF THE CASE

On October 13, 2018, TSgt (RET) Conti applied for relief to the Air Force Board for Correction of Military Records (AFBCMR), seeking a promotion to E-7, back pay, and appropriate disability retirement pay.   She maintained that had the Air National Guard (ANG) 149th Civil Engineering Squadron (149th) reassigned her in accordance with ANGI 36-2101,

governing position assignments in the ANG, she would have been both eligible and qualified to promote as of December 1, 2015, but that she did not promote because the 149th wrongfully kept her in an overgrade status.

The AFBCMR denied her application because it could not conclude from the available documentation that the ANG did not follow proper procedures regarding her overgrade status. On December 2, 2020, TSgt (RET) Conti filed the present complaint seeking the same relief. ECF No. 1 (Compl.).

## STATEMENT OF FACTS

I.    **The ANG Regulates Enlistments, Assignments, and Promotions with Separate Instructions**

ANG Instruction (ANGI) 36-2002, "Enlistment and Reenlistment in the Air National Guard and as a Reserve of the Air Force" (Reenlistment Instruction) regulates enlistment and reenlistment in the ANG.    Ex. A, Reenlistment Instruction.

Separate, but interrelated to the other instructions mentioned, the ANG regulates assignments to jobs in the ANG with ANGI 36-2101, titled "Assignments Within the Air National Guard" (Assignment Instruction).    Ex. B, Assignment Instruction.[1]

Finally, the ANG regulates promotions with a third separate but interrelated instruction, ANGI 36-2502, "Promotion of Airmen" (Promotion Instruction).    Ex. C, Promotion Instruction. On December 14, 2014, the ANGI 36-2502 was superseded by Air Force Instruction (AFI) 36-

---

[1]    An earlier version of the ANGI 36-2101 dated June 11, 2004 was in effect briefly at the beginning of TSgt (RET) Conti's overgrade, however, differences between the versions are not significant.    The follow-on instruction is AFI 36-2110, Total Force Assignments, effective October 5, 2018, or after TSgt (RET) Conti retired.    The AFBCMR cites to paragraph 17.1.2 in its decision.    That paragraph is substantively identical to paragraph 2.18.2 of ANGI 36-2101, Assignments.    Because ANGI 36-2101, Assignments, was in effect the entire time pertinent to this matter, the Government will reference it instead of the later AFI.

2502, "Enlisted Airman Promotion/Demotion Programs" (Promotion Instruction II).   Ex. D,

Promotion Instruction II.   For purposes of this case, there are no substantive differences between

the cited portions of the different Promotion Instructions, but the Government endeavors to cite

them as temporally appropriate.

## II.    The Air Force Specialty Code System

The ANG has Air Force Specialties (AFS), which are groups of positions, or jobs,

requiring common qualifications.   Ex. B, Assignment Instruction, p. 37.   The ANG places

service members in duty positions according to the Air Force Specialty Code (AFSC) system,

whose codes comprise a combination of numbers and letters used to identify an AFS.   *Id.*   ANG

member AFSCs consist of five character digits, and members have a Primary AFSC, which

identifies the AFSC in which the service member has the highest skill level and is most qualified.

A Duty AFSC identifies a duty position (or job) by a code found on the Unit Manning Document

(UMD).   The UMD is "a document containing all authorized wartime and pre or post

mobilization manpower positions and personnel assigned to those positions for an ANG Unit."

*Id.* at 39.   Each position on a UMD has an authorized grade, like E-7, associated with it.   *Id.* at

38.   That authorized grade is normally the highest grade that an ANG member holding the

position can have.   *Id.*   An ANG "Unit" is a separate and distinct functional organization, and

each ANG unit has separate UMD vacancies.   *Id.* at 39.

## III.    TSgt (RET) Conti's Early Air National Guard Career

TSgt (RET) Conti enlisted and began her military career in the ANG, Ohio, on March 21,

1980, during which she served a total of four years on active duty, and over three years in

inactive service.   AR 32, 99.   After years away from the ANG, on July 15, 2004, TSgt (RET)

Conti reenlisted in the ANG for a term of six years, as a drill status guardsman.   Compl. ¶11;

AR 93 (DD Form 4/1, Enlistment / Reenlistment Document).   Drill status guardsman are unit

members who participate in unit training assemblies, traditionally one weekend per month and a

two-week annual training period.   *See* Ex. B, Assignment Instruction, p. 37.   In May 2005,

TSgt (RET) Conti entered an Active Duty for Operation Support (ADOS) program, and

remained in an ADOS position for over 13 years.   See Compl. ¶ 11; *see generally* AFI 36-2619,

*Military Personnel Appropriate Manday Program* (July 18, 2014), Ex. E, p. 5.   From May 2005

until her retirement, TSgt (RET) Conti maintained status as both a drill status guardsman, and an

ADOS.   On June 11, 2010, TSgt (RET) Conti reenlisted for another six years, meaning her

Expiration of Term of Service (ETS), or reenlistment, would expire on June 20, 2016.   AR 90.

**IV.    From January 2012 To November 2013, TSgt (RET) Conti Was Promotion
Ineligible Due To Her Overgrade Status, Incomplete USAF NCO Course, And Lack
Of Assignment To A UMD Position Authorized For Grade E-7 Or Greater**

As of September 2011, TSgt (RET) Conti was with the ANG 149th Civil Engineering

Squadron (149th), and fully qualified for her Duty AFSC, knowledge operations, 3D071.   Soon

thereafter, however, the NGB[2] downgraded her position on the UMD to E-5.[3]   AR100.   Thus,

as of January 1, 2012, TSgt (RET) Conti was in an "overgrade" status, which the ANG defines as

a "personnel assignment condition where an individual's grade is greater than the authorized

grade indicated for the UMD position to which assigned."   Ex. B, Assignment Instruction, p. 39.

More plainly stated, the person is too high-ranking and over-compensated for their job.   Because

---

[2] The NGB is a joint activity of the Department of Defense.   Its purpose is to serve as "the
channel of communications on all matters pertaining to the National Guard, the Army National
Guard of the United States, and the Air National Guard of the United States between (1) the
Department of the Army and Department of the Air Force, and (2) the several States." *See* 10
U.S.C. § 10501.

[3] The ANG designates a "[NGB] directed unit realignment, reorganization, or Unit
Manpower Document change" as code "P".   Ex. B, Assignment Instruction, Table 4.2.

4

of these undesirable consequences, the ANG penalizes overgrade members by making them: (1) ineligible for promotion; and (2) limited to 24 months of retention or retainability, after which the ANG can remove them from service.   Ex. C, Promotion Instruction, para. 2.2 and Table 2.1, Rule 6; Ex. B, Assignment Instruction, para. 4.2.1.

To warn members like TSgt (RET) Conti of the problems with being in an overgrade status, the ANG requires the overgrade members and their unit commander to sign a NGB Form 36-11, Statement of Understanding for Excess/Over-grade Condition (Awareness of Overgrade Form).   Ex. B, Assignment Instruction, para. 2.18.2 ("When a commander places a member in an . . . overgrade condition, they are tasked with having the member sign NGB 36-11, *Statement of Understanding*.)   On February 29, 2012, TSgt (RET) Conti and her 149th unit commander signed an Awareness of Overgrade Form effective January 1, 2012 through December 31, 2014. AR 101.   It appears from this Awareness of Overgrade Form that TSgt (RET) Conti was the beneficiary of a scrivener's error.   While ANG members in an overgrade status are limited to 24 months of retainability, TSgt (RET) Conti's Awareness of Overgrade Form gave her 36 months retainability (January 2012 – December 2014).   *See* Ex. B, Assignment Instruction, para. 4.2.1.

Regardless, the Awareness of Overgrade Form required TSgt (RET) Conti to initial the "Overgrade Condition" paragraph, stating:

> I understand that prior to my expiration date of the OVERGRADE condition, *my unit and I share the responsibility to locate and place me in a vacant position (with the AFSC for which I am currently qualified) which is commensurate with my grade.*   If a valid position is not available by my expiration date, I further understand that: 1) I must be reassigned for retraining purposes to another vacant position commensurate with my grade or, 2) My unit commander may request an extension to my expiration date, or 3) I will be administratively demoted to the authorized grade of my current position or, 4) I will be involuntarily separated from the Air National Guard.

5

AR 101 (italics emphasis added).   The form made clear to TSgt (RET) Conti:

> (1)     locating a vacant position is a *shared responsibility* of her and the 149th; and

> (2)     whatever the 149th's responsibility, that responsibility applies only to locating a vacant position *commensurate with the ANG member's grade*, that is, an E-6 position.

*Id.*

To be clear, an E-7 position, not an E-6 position, would be necessary for TSgt (RET) Conti to promote.   Thus, even under the Assignment Instruction as interpreted by TSgt (RET) Conti,[4] the 149th would only have responsibility to locate her an E-6 position that would resolve her overgrade status, *not an E-7 position* that would make her promotable under the Promotion Instruction.   *See* Ex. C, Promotion Instruction, para. 2.1.2; Ex. D, Promotion Instruction II, para. 10.1.15.2 ("Must be assigned to a valid UMD position with an authorized grade greater than or equal to the grade for which the member is being recommended").   TSgt (RET) Conti is aware of this requirement and the Promotion Instruction it comes from.   Her complaint, the Inspector General's response to her complaint (discussed below), and the AFBCMR all reference it, though she may be confused as to whether she met it.   *See* Compl. ¶¶ 28, 44, 59, and 74 (¶¶ 59 and 74 state she should have been qualified to promote in accordance with AFI 36-2502, which is incorrect).

From February 2012, when she signed the Awareness of Overgrade Form, until November 2013, there is no evidence in the administrative record of TSgt (RET) Conti inquiring to the 149th about the status of a position for reassignment commensurate to her grade, or the E-

---

[4] The Government disputes this interpretation.

7 grade which would be required for her promotion.   Nor is there any record of TSgt (RET)

Conti executing her "responsibility to locate and place me in a vacant position (with the AFSC

for which I am currently qualified) which is commensurate with my grade" pursuant to the

Awareness of Overgrade Form.   AR101; Ex. B, Assignment Instruction, para. 2.18.2.

**V.      From November 22, 2013 To October 2014, TSgt (RET) Conti Was Promotion
         Ineligible Due To Overgrade Status And Lack of Assignment To A UMD Position
         Authorized For Grade E-7 Or Greater**

On November 22, 2013 – while still in an overgrade status – TSgt (RET) Conti

completed the prerequisite noncommissioned officer training course (USAF NCO course)

required for eligibility for promotion to Master Sergeant (E-7).   *See* Ex. C, Promotion

Instruction, para. 2.2; *see also id.* Table 2.1, Rule 6; AR08.   However, TSgt (RET) Conti was

still ineligible for promotion due to her overgrade status, as well as her lack of assignment to a

UMD position authorized for grade E-7 or greater.   *See* Ex. C, Promotion Instruction, paras. 2.2,

2.1.2, Table 2.1 - Rule 6.

There is no record during this time of TSgt (RET) Conti working to resolve these

obstacles preventing her promotion.

**VI.     From October 2014, To Her May 2018 Retirement, TSgt (RET) Conti Was
         Promotion Ineligible Due To Two Or More of the Following: Her Overgrade Status,
         Lack of Assignment To A UMD Position Authorized For Grade E-7 Or Greater,
         Her Retraining Status / Failure to Attend Technical School, And Retainability**

From October 2014 to her retirement, TSgt (RET) Conti was promotion ineligible due to

her overgrade status and her lack of assignment to a UMD position authorized for grade E-7 or

greater.   *See* Ex. C, Promotion Instruction, paras. 2.2, 2.1.2, Table 2.1 - Rule 6.

In May 2014, TSgt (RET) Conti learned of an additional reason why she would not be

promotable.   Her Primary AFSC converted from 3D071, knowledge operations, to 3A171,

administration.   AR 10.   Her Duty AFSC also changed, but she remained "qualified" for her

7

new administration position without retraining.  *Id.*   But she also learned that her AFSCs would change again in October 2014, converting from 3A171, administration, to 3S0X1, personnel, requiring her to attend technical school to retrain.   Simultaneously she learned she could seek a waiver for retraining, but she presented no record of her pursuing a waiver.   AR 11.   Thus, in October 2014, TSgt (RET) Conti became promotion ineligible for her retraining status (that is, the requirement she attend technical school and her failure to seek a waiver).   *See* Ex. A, Reenlistment Instruction, Table 4.4 Rule 21 (ANG member without an AFSC commensurate with their grade cannot reenlist, only extend).

However, TSgt (RET) Conti's overgrade status pre-dated her ineligibility for promotion due to retraining by almost three years, January 2012 to October 2014.   Therefore, TSgt (RET) Conti's retraining status did not cause her overgrade condition.[5]

On January 1, 2015, TSgt (RET) Conti's Awareness of Overgrade Form expired.   AR 11.   At that time, the 149th could have begun the administrative processes to demote her to E-5, and/or involuntarily separate her from the ANG.   *See* AR 11 (36-11).   Neither was done, TSgt (RET) Conti's commanders showed her continuous support.[6]

---

[5] TSgt (RET) Conti's Application For Correction of Military Record stated that the 149th's failure to reassign her and forced her into retraining when her overgrade position converted her to another AFSC violating the Assignment Instruction, para 2.7, which, in pertinent part, states: "Every effort will be made to ensure assignment to a position for retraining does not result in an overgrade situation."   As stated above, TSgt (RET) Conti's overgrade status predated her ineligibility for promotion due to retraining, by almost three years.   It appears TSgt (RET) Conti's Complaint in this case has dropped para. 2.7 as a basis for any violation by the 149th. To the extent she has not, the above should explain para. 2.7's irrelevance to her allegations.

[6] Ms. Conti's commanders, Lt Col Eskridge and Col Megan Erickson, supported Ms. Conti's career.   Lt Col Eskridge's decision extended the expiration dates for Ms. Conti's retention in spite of the overgrade status.   The commanders further supported Ms. Conti's enlistment extensions.   AR 42–44.   Their support was essential, in that:

On June 21, 2015, Tsgt (RET) Conti's retainability was under 12 months, therefore she did not meet the promotion retainability requirement.    *See* Ex. D, Promotion Instruction II, Table 10.1, Rule 6 (12 month promotion retainability requirement); AR 101.

Instead of involuntary separation, or demotion, on July 12, 2015, the 149th and TSgt (RET) Conti signed a second Awareness of Overgrade Form,[7] again formally acknowledging her overgrade condition, and backdating it to be effective October 1, 2014 through her June 10, 2016, ETS.    AR 14.    The October 1, 2014 effective date coincides with when TSgt (RET) Conti became promotion ineligible for her retraining status.[8]    This second Awareness of Overgrade

---

No individual will reenlist or extend their enlistment without the concurrence of the unit commander. A commander may approve or deny reenlistments and extension of enlistments to any member of his or her command. Continued retention in the ANG is a command prerogative and is not an inherent right of any individual unless the member has between 18 and 20 years of satisfactory service towards a reserve retirement. In those cases, only the SAF may deny retention. Reenlistments and extension may not exceed a member's [High Year Tenure (HYT)] except as explain (sic) in Paragraph 4.5.

Ex. A, Reenlistment Instruction, para. 4.1.    The High Year Tenure is an "established date by which an enlisted member is mandatorily separated from active service."    *Id.* at 93.    High Year Tenure, or mandatory separation date, for ANG members is at age 60.    *Id.* at para. 4.5.    TSgt (RET) Conti reached age 60 in 2017.    AR 32.    The commanders supported the extensions past her High Year Tenure date all the way through September 23, 2018, if needed.    AR 42–44. Despite conditions preventing TSgt (RET) Conti from retraining since 2014, her commanders supported her career until she obtained her disability retirement in 2018.    Though the AR is not definitive as to TSgt (RET) Conti requesting it, the Government recognizes that what is commonly known as "18 year lock-in" could apply to TSgt (RET) Conti at some time during her service.    *See* 10 U.S.C. § 12686.    That possible application, however, does not undermine that TSgt (RET) Conti's commanders supported her career.

[7] *See* fn. 6, *supra*.

[8] It is unclear why the Awareness of Overgrade Form, which addresses her overgrade status, is backdated to a date having to do with her retraining status.    While both TSgt (RET)

Form had the same reason code as her prior form, indicating an overgrade status due to a UMD change.   *Id.*

In 2016, on her 59th Birthday, TSgt (RET) Conti became ineligible for promotion to MSgt because she would not meet the 12-month ANG service commitment prior to her 60th birthday.   *See* Promotion Instruction, Table 1.1 Rule 13; Assignment Instruction, Table 5.1 Rule 7; AR 32.   There is no waiver or exception to this policy.   *See* Promotion Instruction, Table 1.1 Rule 13, note 6.

Again showing support for TSgt (RET) Conti, on March 8, 2016, the 149th Commander requested an exception to the Reenlistment Instruction policy, Chapter 4, to extend her ETS 14 months from her current ETS (June 10, 2016).   AR 15; Ex. A, Reenlistment Instruction.   The 149th, in that request, stated that TSgt (RET) Conti was unable to travel to technical school to obtain her new AFSC due to medical conditions limiting her duty.   AR 15.   Though she could not reenlist because of her incorrect AFSC, the 149th advocated for her to be able to extend, stating it would help the 149th with administrative functions such as promotions and evaluations, while allowing the 149th to recruit someone to replace her by her 2017 retirement.   *Id.*

In April 2017, the 149th wrote an Enlisted Performance Report (EPR) for TSgt (RET) Conti.   The EPR covered the period December 1, 2014 through November 30, 2016, and gave her an overall performance assessment of "Met all expectations," a mid-level rating.   AR 22. More importantly, of the five promotion recommendation ratings – Do Not Promote, Not Ready Now, Promote, Must Promote, and Promote Now – TSgt (RET) Conti also received the middle rating, Promote.   *Id.*   TSgt (RET) Conti refused to sign the document.   *Id.*

---

Conti's overgrade and training status were challenges to her continued service, they appear to be unrelated.

On September 23, 2017, TSgt (RET) Conti requested and the 149th approved a six-month extension of her ETS for medical reasons.   AR 43.   This was her third extension, bringing her total extensions to 21 months past her original ETS of June 10 2016.[9]   The reason for the extension cited the rule for a member "who is hospitalized, temporarily physically disqualified, or pending Disability Evaluation System (DES), Medical Evaluation Board (MEB), or Physical Evaluation Board (PEB)."   Ex. F, AFI 36-2606, *Reenlistment and Extension of Enlistment in the United States Air Force*, Table 6.3 Rule 11 (July 27, 2017).

On March 1, 2018, TSgt (RET) Conti filed a complaint with the Air Force Inspector General (IG).   AR 17.   The IG Complaint is the first record of an allegation by TSgt (RET) Conti that she believed the 149th had a responsibility to reassign her to the first available position commensurate to her grade, pursuant to the Assignment Instruction, para. 2.18.11.   *See* AR 17; Ex. B, Assignment Instruction, para. 2.18.11.   Through this time there is no record of TSgt (RET) Conti executing her "responsibility to locate and place me in a vacant position (with the AFSC for which I am currently qualified) which is commensurate with my grade" as required by her Awareness of Overgrade Form.   AR101; Ex. B, Assignment Instruction, para. 2.18.2.

On April 10, 2018, the IG dismissed her IG Complaint, concluding that, "the complainant has not brought forth credible evidence of a violation of law, instruction, regulation, or policy." Ex. G, AFI 90-301, *Inspector General Complaints Resolution* Table 3.12, Rule 1 (Aug 27, 2015).   While the IG did state that TSgt (RET) Conti "could have possibly been placed into a

---

[9] There is nothing in the administrative record documenting her second extension, but presumably, it exists because her first extension expired in August 2017, and her third extension did not begin until September 2017.

different position to possibly satisfy the AFSC requirement for promotion," the IG provides no further explanation for its stray observation.   AR 19.

On March 20, 2018, TSgt (RET) Conti requested and the ANG approved another six-month extension of her ETS.   This was her fourth extension, bringing her extension total to 27 months.   The reason for the extension was the same as that of the third extension.

**VII.    Retirement**

The Air Force granted TSgt (RET) Conti a permanent disability retirement, with retirement effective May 28, 2018.   AR 105.   She retired at the E-6 grade, technical sergeant, with a 40% permanent disability rating.   She had served a total of seventeen years, three months, and sixteen days of active service.   *Id.*

**VIII.   AFBCMR Review**

On October 13, 2018, TSgt (RET) Conti submitted an application, DD Form 149, for the correction of her military records to the AFBCMR.   AR 6.   She alleged violations of the Assignment Instruction, paragraphs 2.18.11 and 2.7.   Ex. B, Assignment Instruction.   She specifically alleged the 149th violated 2.18.11 and 2.7, respectively, when it made her ineligible for promotion by not adhering to requirements by: (1) failing to reassign her to the first available position commensurate with her grade and qualifications; and (2) requiring that she undergo "retraining when [her] overgrade position converted to another AFSC."   *Id.*

She alleged the ANG should have reassigned her into one of the six positions she identified in an attached list she pulled from the Command Human Resources Intelligence System on August 26, 2017 (Possibilities List).   AR 10, 23-28.   TSgt (RET) Conti does not acknowledge that other ANG members occupied those positions and regulations discourage moving another Airman to resolve an overgrade status, and prohibits such a move if it would

12

cause an overgrade or excess status.   AR 10; Ex. B, Assignment Instruction, para. 2.18.12.

Additionally, nothing in TSgt (RET) Conti's AFBCMR request addresses:

> (1)    that assignment to a UMD Position Authorized for Grade
> E-7 or Greater was necessary for her to promote (*see* Ex. C,
> Promotion Instruction, para. 2.1.2 and Ex. D, Promotion
> Instruction II, para. 10.1.15.2);

> (2)    whether the identified positions were available from
> November 2013 to the fall of 2016;

> (3)    whether she was available to transfer to the identified
> positions when they were available;[10]

> (4)    whether the positions listed were ADOS or would support
> her ADOS assignment, and if not, whether she would have been
> willing to return to only a traditional drilling assignment with the
> commensurate reduction in pay and retirement accrual;

> (5)    whether she ever presented a similar list to the 149th,
> consistent with her shared "responsibility to locate and place" her
> in a valid position; or

> (6)    how the member in these positions could be reassigned as
> part of overall mission planning, in harmony with overgrade
> statuses, excesses, and mission needs and the best interest of the
> Air National Guard.   AR 100-01.

Despite these gaps in her evidence, TSgt (RET) Conti requested a promotion to master

sergeant (E-7) effective December 1, 2015, and appropriate back pay.[11]   AR 6.   The AFBCMR

---

[10]  TSgt (RET) Conti did not present evidence to the AFBCMR of any available positions at other Air National Guard bases within Texas or outside of Texas.   Nor did she indicate whether she would have been willing to transfer to another base.

[11]  It is unclear how TSgt (RET) Conti chose December 1, 2015.   At that time, she was not promotable for three reasons over and above her overgrade status: (1) her retainability; (2) her retraining status / failure to attend technical school; and (3) her lack of assignment to a UMD position authorized for grade E-7 or above.   Given TSgt (RET) Conti's allegations that the command actively foiled her attempts to resolve her overgrade status (Compl. ¶ 37), the earliest time she could choose, and be within the three-year discovery rule would have been October 13, 2015.

considered TSgt (RET) Conti's submissions, her Master Human Resources Records, an advisory

opinion from the Force Management Branch of the NGB (NGB/A1PP) (AR 136), and TSgt

(RET) Conti's response to the advisory opinion (AR 133).   AR 5.   On November 21, 2019, the

AFBCMR found that a preponderance of the evidence did not substantiate TSgt (RET) Conti's

contentions.   AR 4.

## ARGUMENT

### I.    Overview

TSgt (RET) Conti's complaint rests on an out-of-context sentence from the Assignment

Instruction and her prediction that if the 149th resolved her overgrade status by reassigning her

to an E-6 position, then it would have resolved the myriad of other barriers to her promotion.

Precluding TSgt (RET) Conti's success is that it requires this Court to do four things it cannot

do: ignore its jurisdictional limits, make professional military judgments about her military

assignment, predict the success of her promotion, and thereafter promote her.

Furthermore, TSgt (RET) Conti's allegations that the 149th failed to resolve her

overgrade status, despite her multiple signatures on Awareness of Overgrade Forms making

plain her joint responsibility, are legally unfounded.   Far from committing procedural violations,

the ANG and 149th actively abstained from removing TSgt (RET) Conti from service on

multiple occasions, and supported extending her enlistment numerous times, thereby facilitating

her continued service and eventual military retirement, despite the various factors that precluded

the promotion she seeks..

### II.    Motion to Dismiss

For TSgt (RET) Conti's claim to succeed, TSgt (RET) Conti would have to establish this

Court's authority to resolve four distinct issues in her favor:: (1) that the 149th erred in not

14

reassigning her to an E-6 position; (2) that it erred in not finding her an E-7 position, a prerequisite to her eligibility for promotion to E-7; (3) that no other disqualifying features in her service record precluded her promotion; and (4) that she is entitled to promotion to E-7.   Only then, could her claim be considered money-mandating, because only upon promotion would the pay at issue be affected.

TSgt (RET) Conti cannot succeed because the Court lacks authority to assign or promote her.   Perhaps concluding that her case most closely approximates a non-promotion case, TSgt (RET) Conti mischaracterizes her nonjusticiable assignment case as a justiciable promotion case. Nonetheless, the alleged improper non-assignment out of her overgrade positon is the focus of her case, presuming that if she can succeeds there the rest would follow.   However, her case falters irreparably at the assignment issue for two reasons: *first*, the assignment regulation is not money mandating (she does not allege she would have received more pay and she would not have, absent a promotion); *second*, assignments are nonjusticiable.

A.     **The Court Must Dismiss This Case Because TSgt (RET) Conti's Foundational Claim – The 149th Failed to Reassign Her – Lacks Both A Money-Mandating Statute And Justiciability**

TSgt (RET) Conti's claims immediately fail because her claim that the 149th violated a regulation by failing to reassign her lacks both a money-mandating statute, and thereby jurisdiction, and justiciability.

1.     **The Court Lacks Jurisdiction Because TSgt (RET) Conti Does Not Identify a Money-Mandating Statute For Her Foundational Reassignment Claim**

TSgt (RET) Conti states this Court has jurisdiction under the Tucker Act because she raises claims under military regulations.   Compl. ¶ 2.   She alleges the 149th violated Assignment Instruction para. 2.18.11, "by failing to resolve her overgrade condition and

15

reassigning her to an appropriate position commensurate with her grade [E-6]." Compl. ¶ 85. The money-mandating statutes she identifies are the Military Pay Act (37 U.S.C. § 204), which can apply in wrongful discharge cases and cases involving clear-cut entitlement to promotion,[12] and the Disability Retired Pay Act (10 U.S.C. § 1201),[13] which applies to claims of disability retirement pay based on the military denying them disability retirement status.[14]  *See Smith v. Sec'y of Army*, 384 F.3d 1288, 1294-95 (Fed. Cir. 2004); *Fisher v. United States*, 402 F.3d 1167, 1174-75 (Fed. Cir. 2005).

TSgt (RET) Conti's predicate claim – the one on which all the other claims depend – is that the 149th failed to reassign her. Compl. ¶ 85. She asks this Court to grant non-monetary relief as a predicate for monetary relief, whereas this Court only has jurisdiction to grant affirmative non-monetary relief where it is incident and collateral to a money judgment. *See Voge v. United States*, 844 F.2d 776, 781 (Fed. Cir. 1988). But "[t]he Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher*, 402 F.3d at 1172.

---

[12] This motion discusses the "clear-cut" entitlement exception below.

[13] TSgt (RET) Conti does not contend, nor could she, that Disability Retired Pay Act has been breached. *See* 10 U.S.C. § 1201. The act provides that disability retired pay is computed under 10 U.S.C. § 1401, and there is no dispute that her retirement pay is calculated consistent with that. Rather, TSgt (RET) Conti argues that because she should have been promoted prior to retirement, and because her retirement pay is premised on her non-promoted retirement grade, that her retirement pay should be increased.

[14] TSgt (RET) Conti also included 10 U.S.C § 1414, addressing concurrent disability retired pay and Veterans Affairs disability compensation, however the Government is unaware of any case law finding it money-mandating, so does not address it. Compl. ¶ 3. Regardless, the same arguments would apply.

TSgt (RET) Conti relies on the Military Pay Act (37 U.S.C. § 204) as her money-mandating statute, and it sometimes is a money-mandating statute.   But § 204 only provides that a member of a uniformed service who is on active duty is entitled to "the basic pay of the pay grade to which assigned or distributed, in accordance with their years of service. . . ."   37 U.S.C. § 204 (a).   TSgt (RET) Conti does not contend, however, that she was not paid according to her pay grade – or even that if the ANG assigned her to a non-overgrade positon, she would have been paid more.   Compl. ¶¶ 85-86.   That is because in the overgrade position she was paid according to her grade, but in excess of the amount designated for the position.   The reassignment would only have cured the latter mismatch, but not resulted in more pay.   Thus, the Court lacks jurisdiction to entertain her assignment complaint upon which the rest of her claim depends.

Moreover, even if the Court looks beyond her reassignment to the promotion she alleges she was "fully qualified" for, the Military Pay Act still does not apply.   *Smith*, 384 F.3d at 1294 ("We do not have jurisdiction of a back pay claim predicated on a promotion not received.") (quoting *Knightly v. United States*, 227 Ct.Cl. 767, 769 (1981)).

> **2.      TSgt (RET) Conti's Reassignment Allegations Are Nonjusticiable Because They Are Professional Military Judgments About The Composition, Training, and Control of the ANG**

Justiciability is a question of judicial competence.   When something is beyond the ken of judicial competence, it is nonjusticiable.   *See Sargisson v. United States*, 913 F.2d 918, 921 (Fed. Cir. 1990).   Per the Supreme Court:

> The distinction between [nonjusticiability and lack of jurisdiction] is significant. In the instance of nonjusticiability, consideration of the cause is not wholly and immediately foreclosed; rather, the Court's inquiry necessarily proceeds to the point of deciding whether the duty asserted can be judicially identified and its breach

17

> judicially determined, and whether protection for the right asserted
> can be judicially molded.

*Baker v. Carr*, 369 U.S. 186, 198 (1961).   A controversy is justiciable only if a court can

effectively, soundly, and finally decide it under tests and standards in its special field of

competence.   *Voge*, 844 F.2d at 780.   The justiciability of a military personnel decision depends

on the type of military personnel decision made.   *Anderson v. United States*, 111 Fed. Cl. 572,

582 (2013), *aff'd* (July 11, 2014).

     Here, TSgt (RET) Conti asks this Court to assess the wisdom of the 149th's decision not

to reassign her.   This request not only ignores TSgt (RET) Conti's significant responsibility for

her non-reassignment, more fundamentally it second guesses a routine military personnel

decision, a power vested by Congress in the military, not this Court.   *Voge*, 844 F.2d at 780-82.

TSgt (RET) Conti asks this Court to wrestle with a routine personnel decision that is beyond the

competence, and therefore nonjusticiable.   *See, e.g., Gilligan v. Morgan*, 413 U.S. 1, 10 (1973)

("training, weaponry and orders" of the National Guard presents nonjusticiable issue); *Orloff v.*

*Willoughby*, 345 U.S. 83, 93 (1953) ("not within the power" of the courts to review

determination to assign doctor to particular duties in the medical field); *Wilson v. Walker*, 777

F.2d 427, 429 (8th Cir.1985) ("[t]raditional notions of judicial restraint and of the separation of

powers" require courts to refuse to review military duty assignments); *Pittman v. United States*,

135 Fed. Cl. 507, 537–38 (2017), *aff'd*, 753 F. App'x 904 (Fed. Cir. 2019) (declining to second

guess the sentence decided by a special court-martial, stating there are no tests or standards).

     In short, the Constitution does not task this Court with running the military, and it need

not attempt to do so.   That responsibility rests with Congress and the President.   *See Rostker v.*

*Goldberg*, 453 U.S. 57, 70-71 (1981).

**B.    TSgt (RET) Conti's Reassignment Allegations Are Also Nonjusticiable Because Reassignment Is Not a Promotion Procedure, Nor Does the Reassignment Instruction Provide A Workable Test Or Standard By Which To Judge The 149th's Conduct**

TSgt (RET) Conti allegation that the 149th did not comply with the Assignment Instruction is also nonjusticiable because the allegation is not a question of military promotion procedure, nor the narrow circumstance where a military regulation provides an inherent test or standard against which the Court can measure the military's conduct.   *See Barnes v. United States,* 473 F.3d 1356, 1361 (Fed. Cir. 2007); *Adkins v. United States*, 68 F.3d 1317, 1322 (Fed. Cir. 1995); *Murphy v. United States*, 993 F.2d 871, 873 (Fed. Cir. 1993) (The Court cannot exercise discretion reserved for the military, only "determine[] whether the procedures were followed by applying the facts to the statutory or regulatory standard.").

**1.    Because The Assignment Provision TSgt (RET) Conti Alleges The 149th Violated Is Not A Promotion Procedure The Court Must Examine Whether It Provides An Inherent Test or Standard Against Which It To Measure the 149th's Conduct**

TSgt (RET) Conti alleges that the 149th committed a procedural violation by unlawfully keeping her in an overgrade condition, thereby violating the Assignment Instruction, para. 2.18.11.   Compl. ¶ 85.   To be clear, TSgt (RET) Conti is alleging a procedural violation of the assignment process, separate and apart from the promotion process.   *See* Ex. B, Assignment Instruction; Ex. C, Promotion Instruction.   Though related, assignment procedures are well upstream of, and distinct from, promotion procedures.   At no time during the facts of this case was TSgt (RET) Conti participating in the promotion process.

As a rule, military affairs decisions exercising discretion reserved for the military are beyond the competence of the judiciary to review.   *See Adkins*, 68 F.3d at 1322; *Murphy*, 993 F.2d at 873.   However, as here, the Court can look at the allegations and determine whether

there is a statutory or regulatory standard to follow, and then apply the facts to any existing

standard.   *Murphy*, 993 F.2d at 873.

> **2.     The Assignment Provision TSgt Conti Alleges The 149th Violated
> Does Not Provide An Inherent Test Or Standard Against Which This
> Court Can Measure the 149th's Conduct**

The Assignment Instruction procedure TSgt (RET) Conti alleges the 149th violated

states: "Any member assigned in an excess or overgrade status must be reassigned to the first

available position commensurate with their grade and for which they are qualified."   Ex. B,

Assignment Instruction, para. 2.18.11.   That procedure, even viewed in isolation, gives the

commander discretion with its "for which they are qualified" terminology.   *Id.*   However, when

analyzed in the context of the paragraphs around it, the discretion afforded the commander is

irrefutable.   For example, para. 2.18.2, found just before 2.18.11, states: "Unit commanders

must exercise due care in making assignment/reassignment decisions, *giving primary*

*considerations to mission needs and ANG requirements.*"   *Id.* at para. 2.18.2 (emphasis added).

If the commander primarily considers mission needs and ANG requirements, then he or she must

do that by examining all positions under his command and who are the best qualified for each

position.   *See id.* at para. 2.18.2, 2.18.11.   The determination of mission needs is plainly one of

military judgment and discretion, and not one subject to an inherent test or standard against

which the Court can measure the military's conduct.   *See Murphy*, 993 F.2d at 873; *Sargisson*,

913 F.2d at 922 ("A court lacks the special expertise needed to review reserve officers' records

and rank them on the basis of relative merit.").

Part and parcel of paragraph 2.18.2, discussed above, is the Awareness of Overgrade

Form, acknowledged in TSgt (RET) Conti's complaint.   Compl. ¶¶ 27, 34, 39, and 55.

Conspicuously absent, however, is TSgt (RET) Conti's recognition of her responsibilities

20

pursuant to the multiple Awareness of Overgrade Forms she signed, which made clear that the "unit and [her] share responsibility to locate and place [her] in a vacant position (within the AFSC for which [she is] currently qualified) which is commensurate with [her] grade." Awareness of Overgrade Form, *pursuant to* Ex. B, Assignment Instruction.

Nonetheless, TSgt (RET) Conti asks this Court to referee this intra-service assignment process – here, a joint agreement between TSgt (RET) Conti and her superiors – and dictate an outcome – absent any inherent test or standard against which the Court can measure the military's conduct. *Murphy*, 993 F.2d at 873. Even if the Court could discern that, the task would not stop there.

This Court would then have to definitively determine – years after the fact - what both TSgt (RET) Conti and the IG could not: whether there was an available position from November 2013 to October 2014 in which the 149th could have placed her given all the competing priorities. Then, if a position or positions were identified, the Court would have to try and establish:

> (1) if TSgt (RET) Conti was available to transfer to the identified positions when they were available;
>
> (2) if the positions listed were ADOS or supported her ADOS assignment, and if not, if TSgt (RET) Conti would have been willing to return to a traditional drilling assignment with the commensurate reduction in pay and retirement accrual.

TSgt (RET) Conti asks this Court to wade impossibly deep into the waters of military affairs, well beyond its competence and authority. But the Court should not wade into this morass, because there is no test or standard on which it can rely for determining military assignments.

**C.    The Court Need Not Address The Promotion Process Because TSgt (RET) Conti Was Not Within It.   Even If She Were, TSgt (RET) Conti's Allegations Are Nonjusticiable Because They Do Not Rise To The "Clear-Cut" Exception Required For Promotion Justiciability**

Contrary to her assertions, TSgt (RET) Conti's promotion process had not commenced nor been interrupted by the 149th's alleged failure to find her an E-6 position, in fact she was not in the promotion process and nowhere near a "clear-cut" entitlement to promotion.   *See Dysart v. United States*, 369 F.3d 1303, 1315 (Fed. Cir. 2004).

**1.    TSgt (RET) Conti Was Not Within the Promotion Process, Therefore The Court Need Not, And Cannot Examine The Promotion Process**

TSgt (RET) Conti's complaint, against all evidence, assumes her promotion to E-7 was a forgone conclusion if she were not in an overgrade status, and then asks this Court to promote TSgt (RET) Conti to E-7, contrary to well-established precedent.   *See* Compl. ¶ 86; Compl. Prayer for Relief; *e.g. Brenner v. United States*, 202 Ct.Cl. 678 (1973), *cert. denied*, 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56 (1974).

As outlined above, even if the 149th were required to resolve TSgt (RET) Conti's overgrade status, which it was not, that alone would not have placed her in an E-7 position, allowing her to promote.   *See* Ex. C, Promotion Instruction, para. 2.1.2; Ex. D, Promotion Instruction II, para. 10.1.15.2 ("Must be assigned to a valid UMD position with an authorized grade greater than or equal to the grade for which the member is being recommended"). Therefore, under the most favorable circumstances conceivable under these facts, TSgt (RET) Conti would not have been promotable.

Further, TSgt (RET) Conti's complaint states she was not in the promotion process, only stating she was "fully qualified for promotion" and wrongly stating she "would have been promoted if it were not for being unlawfully kept in overgrade condition."   Compl. ¶ 86.   The

22

Promotion Instruction, makes clear: "[t]he fact a [ANG] member meets each of the eligibility criteria outlined in this instruction does not automatically guarantee promotion . . . [m]eeting minimum eligibility criteria *only indicates* that a member *can be considered eligible for promotion* . . . [which] is not a reward for past performance, but recognition of the member's potential to successfully serve in the higher grade."   Ex. C, Promotion Instruction, para. 1.4.1 (Actions Required Prior to Promotion Approval) (emphasis added); Ex. D, Promotion Instruction II, para. 10.1.1.1.   Moreover, promotions are limited, and competitive, not automatic as TSgt (RET) Conti implies.   *See* Ex. C, Promotion Instruction, para. 2.1.5; Ex. D, Promotion Instruction II, para. 10.1.15.5.

TSgt (RET) Conti was not on track to promote regardless of her overgrade status.

## 2.   The "Clear Cut" Promotion Exception For Justiciability Does Not Apply To TSgt (RET) Conti

This Court may review a military promotion decision for something beyond procedural error only where a promotion has commenced and later been interrupted, a so-called "clear-cut" entitlement to promotion.   *See Dysart v. United States*, 369 F.3d 1303, 1315 (Fed. Cir. 2004). For all the reasons under II.B.1, immediately above, TSgt (RET) Conti did not have "clear-cut" entitlement to promotion.

TSgt (RET) Conti's April 2017 EPR establishes that even if she had not been in an overgrade status as of November 2013, and somehow located an E-7 position, she cannot argue with any certainty that the ANG would have selected her for a highly competitive promotion to MSgt.   Despite TSgt (RET) Conti's representations – Complaint paragraphs 43, 58, 60, 64, 74, and 87 – her box 6 rating of Promote on her EPR is not a strong endorsement from her

23

immediate commander for promotion under ANGI para. 10.1.1.1.   Per the Air Force instruction

controlling TSgt (RET) Conti's EPR:

> 4.19.2.1. Promote Now ("PN") and Must Promote ("MP")
> recommendations are limited in number to ensure only the highest
> performing Airman with the greatest potential to serve in the next
> grade receive "PN" and "MP" recommendations.   [This system] is
> sending a strong signal that the Airman is ready for immediate
> promotion . . . The intent is to ensure those Airman awarded a "PN"
> or "MP" receive a distinct advantage when competing for
> promotion.
>
> **Promote:** Recommended for promotion based on performance at or
> above established AF standards and expectations.   Performs with
> the majority of Airmen and at a level commensurate with peers.

Ex. H, AFI 36-2406, para. 4.19.2.1, Table 4.2 Item 33.   The promote rating merely represents

that TSgt (RET) Conti was performing at a level with the majority of her peers, and is not

recognition of her potential to successfully serve in the higher E-7 grade.   *See* Ex. C, Promotion

Instruction, para. 1.4.1 (Actions Required Prior to Promotion Approval); Ex. D, Promotion

Instruction II, para. 10.1.1.1.

Not only that, both Promotion Instructions make plain: "Prior to promotion to any grade,

the immediate commander must first recommend the airman" and a promotion to MSgt (which

TSgt (RET) Conti sought) requires the approval of The Adjutant General (TAG) of the State or

Territory in question.   Ex. C, Promotion Instruction, para. 1.4.2 and 2.5; Ex. D, Promotion

Instruction II, para. 10.1.1.2 and 10.1.2.1.   This requires a separate action of TSgt (RET) Conti's

commander forwarding his recommendation with a requested promotion date.   Ex. C, Promotion

Instruction, para. 1.6.1.1; Ex. D, Promotion Instruction II, para. 10.3.2.   Such promotion actions

were not automatic.   Furthermore, any commander at any level of the chain of command

between the immediate commander and the TAG could deny promotion. Ex. C, Promotion

Instruction, para.1.3; Ex. D, Promotion Instruction II, para. 10.1.6.   The record is not clear that she would have had the support of every commander.

Further, even if she made it through all those wickets, she would not have a clear-cut entitlement to promotion without the approval of The Adjutant General (TAG) of the State of Texas.   Ex. C, Promotion Instruction, para. 1.4.2 and 2.5; Ex. D, Promotion Instruction II, para. 10.1.1.2 and 10.1.2.1; *see Dysart*, 369 F.3d at 1315.

## III.    The AFBCMR's Decision Was Not Arbitrary, Capricious, Or Unsupported By Substantial Evidence

Even if this Court were to find it had jurisdiction and a question justiciable to review, its review of the correction board's decision is "limited to the administrative record before the deciding official or officials."   *Wyatt v. United States*, 23 Cl. Ct. 314, 319 (Cl. Ct. 1991); *Spellissy v. United States*, 103 Fed. Cl. 274, 283 (2012) ("When a service member chooses first to petition a military correction board, the Court of Federal Claims' review is limited to the administrative record").

For a plaintiff to succeed in overturning the decision of the AFBCMR, it must show "cogent and clearly convincing evidence" that the decision of the board was arbitrary, capricious, unsupported by evidence, or contrary to law.   *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed. Cir. 1986); *Robbins v. United States*, 29 Fed. Cl. 717, 725 (1993).   In reviewing an administrative record, the Court asks whether, given all of the disputed and undisputed facts, a party has met its burden of proof based upon the evidence in the record.   *A&D Fire Prot., Inc. v. United States*, 72 Fed. Cl. 126, 131 (2006).

TSgt (RET) Conti makes the following four arguments in contending the AFBCMR conclusions were in error.

25

> A.     The AFBCMR was wrong to "note" or "adopt" the
> Inspector General's conclusion that there was no evidence her
> commander supported her promotion given the commander's
> "Promote" recommendation in her EPR.   Compl. ¶ 87.
>
> B.     The AFBCMR was wrong to "adopt" the Force
> Management Branch of the NGB (NGB/A1PP) advisory opinion
> that found the 149th did not violate the Assignment Instruction,
> para. 2.18.11 when it did not resolve TSgt (RET) Conti's
> overgrade condition and reassign her within 24 months.   Compl. ¶
> 88.
>
> C.     The AFBCMR incorrectly "adopted" the Force
> Management Branch of the NGB (NGB/A1PP) advisory opinion
> because the opinion committed legal error when it relied on The
> Adjutant General approval as grounds for denying TSgt (RET)
> Conti's application to the exclusion of AFPD 36-25 and DoDD
> 1304.20.   Compl. ¶ 89.
>
> D.     The AFBCMR finding that TSgt (RET) Conti did not
> demonstrate material error or injustice by the ANG when the 149th
> did not resolve her overgrade condition, pursuant to Assignment
> Instruction para. 2.18.11, is arbitrary, capricious, unsupported by
> substantial evidence, and contrary to law.   Compl. ¶ 90.

None are correct.

> **A.     The AFBCMR Is Presumed To Have Considered TSgt (RET) Conti's
> "Promote" EPR.   There Is No Evidence The AFBCMR Relied On,
> Exclusively Or Otherwise, The Inspector General's "No Documentation"
> Statement.   The AFBCMR Only Noted The Inspector General's Finding Of
> No Credible Evidence Of Violation of Law, Instruction, Regulation Or Policy**

The AFBCMR explicitly incorporated all the advisory opinions and all of TSgt (RET)

Conti's submissions into its decision.   AR 1-5.   The actual EPR, as well as TSgt (RET) Conti's

assessment of it is part of the record.   The AFBCMR is presumed to have reviewed all evidence,

which here includes TSgt (RET) Conti's "Promote" EPR, and acted in good faith.   *See Dodson*

*v. United States*, 988 F.2d 1199, 1204 (Fed. Cir. 1993) ("Military administrators are presumed to

act lawfully and in good faith, like other public officers, and the military is entitled to substantial

deference in the governance of its affairs."); *accord Richey v. United States*, 322 F.3d 1317, 1326 (Fed. Cir. 2003) (noting "the presumption of regularity that attaches to all administrative decisions"); *Medtronic, Inc. v. Daig Corp*., 789 F.2d 903, 906 (Fed. Cir. 1986) ("We presume that a fact finder reviews all the evidence presented unless he explicitly expresses otherwise."). Nothing in the record, or alleged by TSgt (RET) Conti, rebuts the presumption that the AFBCMR considered this evidence, or suggests that the AFBCMR relied on what TSgt (RET) Conti mischaracterizes as a "conclusion" to the exclusion of the other evidence available in the record.   Given these facts, and the presumption of review, TSgt (RET) Conti's error allegation is unfounded.

Further, TSgt (RET) Conti reads into the AFBCMR's findings bases that are not there. Contrary to her characterization, the AFBCMR did not "note" *or* "adopt" the IG's statement regarding no documentation, the AFBCMR *only* "notes" the IG's dismissal and finding of "no credible evidence of violation of law instruction, regulation, or policy."   *See* AR 4, 19.

Finally, even if the AFBCMR did adopt the IG's statement regarding TSgt (RET) Conti's promotion, the EPR in fact supports that conclusion, and does not undermine it.   As discussed in section II.B.2, above, a promote rating does not strongly recognize TSgt (RET) Conti's potential to successfully serve in the higher E-7 grade.   *See* Ex. C, Promotion Instruction, para. 1.4.1 (Actions Required Prior to Promotion Approval); Ex. D, Promotion Instruction II, para. 10.1.1.1; Ex. H, AFI 36-2406, para. 4.19.2.1, Table 4.2 Item 33 (highlighting that ratings of Promote Now or Must Promote are limited and show stronger commander support, discussed above).

**B.     The AFBCMR Concurred With The Rationale And Recommendation Of The Force Management Branch Of The NGB (NGB/A1PP) Because <u>Substantial Evidence Support Both The Recommendation And Rationale</u>**

27

TSgt (RET) Conti complains that the AFBCMR relied on the NGB's advisory opinion, which she alleges is arbitrary, capricious, and contrary to law.   That complaint, however, raises only the question of whether the finding at issue was supported by substantial evidence.   *See Wronke*, 787 F.2d at 1573; *Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983) (Review of an agency decision "does not require a reweighing of the evidence, but a determination whether the conclusion being reviewed is supported by substantial evidence."); *Newman v. United States*, 185 Ct. Cl. 269, 276 (1968) ("It is not the function of this court to substitute its own judgment for that of the board.").

The board's decision relied upon a NGB recommendation supported by more than substantial evidence.   *See* AR 136.   The recommendation explained that TSgt (RET) Conti was not eligible to promote because: (1) of her overgrade status (which she concurred with by signing an Awareness of Overgrade Form twice over a 4-year period); (2) she was unable to meet the retraining approval requirements;[15] and (3) others already filled the positions TSgt (RET) Conti identified as possibilities for her reassignment.   *Id.*   The NGB recommendation also explained that Assignment Instruction, para. 2.18.11 "does not entitle the member to a promotion," and that the ultimate authority to approve promotions to MSgt rests with The Adjutant General per Promotion Instruction II, para. 10.1.2.   *Id.*   Finally, the recommendation explained, TSgt (RET) Conti's 7-skill qualification allowed her to apply for vacant positions throughout the ANG, but she chose not to.

---

[15]  The recommendation based the "retraining approval requirements" statement on the Assignment Instruction, paras. 5.1.3.1, 5.1.4, and Table 5.1 Rules 3 and 4.   AR 136.   In pertinent part, the Assignment Instruction states that ANG members that not be expected to meet service commitment requirements will not be allowed to attend training, and all service commitments must be documented prior to training attendance.   *See* Ex. B, Assignment Instruction.

TSgt (RET) Conti's complaint does not identify how the AFBCMR's concurrence with the NGB recommendation is an error.    Regardless, the recommendation to is well founded, and there is no error in AFBCMR's concurrence.

C.    **The AFPD 36-25 And DoDD 1304.20 Do Not Exclude the Application of Promotion Instruction II, Para. 10.1.2 To TSgt (RET Conti)**

TSgt (RET) Conti seems to argue that the AFBCMR concurred with the NGB/A1PP's legal error of noting Promotion Instruction II, para. 10.1.2, to the exclusion of AFPD 36-25 and DoDD 1304.20.   Compl. ¶ 89.   First, Promotion Instruction II, para. 10.1.2 does apply to this case, and TSgt (RET) Conti makes no argument for why it does not.    Second, the NGB/A1PP memorandum that the AFBCMR concurs with does not state that AFPD 36-25 or DoDD 1304.20 do not apply to TSgt (RET) Conti.   AR 136.   Until TSgt (RET) Conti identifies why Promotion Instruction II, para. 10.1.2, or the comparable instruction in effect at the appropriate time, does not apply, neither we nor the Court need address this argument further.

D.    **The AFBCMR's Conclusion That TSgt (RET) Conti Did Not Demonstrate Material Error Or Injustice Is Supported By Substantial Evidence And Consistent With The Law**

TSgt (RET) Conti relies on a single provision in an assignment instruction to argue she is entitled to promotion.    But as we have explained, the provision TSgt (RET) Conti relies on comes from an *assignment* instruction, not a *promotion* instruction.    Thereby, TSgt (RET) Conti does not allege an error in the promotion process, but the overgrade condition she "concurred with . . . on two separate occasions over a 4-year period." AR 138.

Further, the provision of the assignment instruction she relies on would not locate her an E-7 position necessary for her promotion, nor ensure her promotion thereafter.    *See* Ex. C, Promotion Instruction, para. 2.1.2; Ex. D, Promotion Instruction II, para. 10.1.15.2 ("Must be

assigned to a valid UMD position with an authorized grade greater than or equal to the grade for which the member is being recommended"). Both Promotion Instructions make plain that a promotion to MSgt (which TSgt (RET) Conti sought) requires the approval of The Adjutant General (TAG) of the State or Territory in question, and every commander in the chain of command. Ex. C, ANGI Promotions Instruction, paras. 1.3, 2.5; Ex. D, AFI 36-2502, Promotions Instruction II, paras. 10.1.2.1, 10.1.6. Moreover, promotions are limited, and competitive, not automatic. *See* Ex. C, Promotion Instruction, para. 2.1.5; Ex. D, Promotion Instruction II, para. 10.1.15.5.

TSgt (RET) Conti has no response to these Promotion Instructions requirements. Thus, as the board reasonably found, there was no material error or injustice.

## <u>Conclusion</u>

For the foregoing reasons, the United States respectfully requests the Court dismiss TSgt (RET) Conti's Complaint, or, in the alternative, grant judgment upon the administrative record in favor of the United States.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARTIN F. HOCKEY, JR.
Acting Director

 /s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

   /s/ Dan Hoffman
DANIEL A. HOFFMAN

Of Counsel:

HANK D. NGUYEN, Maj, USAF
Personnel and Information Law
AF/JAC-Military Personnel Law and Litigation
1500 West Perimeter Rd., Suite 1370
Joint Base Andrews-
Naval Air Facility, MD 20762

April 29, 2021

Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-0972

Attorneys for Defendant United States