IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LESLIE J. CONTI,                    )
                                   )
        Plaintiff,                  )
                                   )
v.                                 )          No. 20-1732C
                                   )          (Judge Dietz)
THE UNITED STATES,                  )
                                   )
        Defendant.                  )

<u>DEFENDANT'S UNOPPOSED MOTION FOR A VOLUNTARY REMAND AND FOR A
STAY OF COURT PROCEEDINGS PENDING THE REMAND RESULTS</u>

Pursuant to Rule 52.2(a) of the Rules of the United States Court of Federal Claims

(RCFC), defendant respectfully requests that the Court remand this matter to the Secretary of the

Air Force.  Specifically, we request that the Court: (1) remand the matter with the instruction that

the Air Force Board for Correction of Military Records (AFBCMR) consider the claims asserted

by plaintiff, TSgt (RET) Leslie J. Conti, including specific items as detailed below; (2) order the

remand period of six months, which may be extended with the Court's discretion; (3) stay this

action pending the resolution of the remand proceeding or the expiration of the six month

remand period, whichever is sooner; (4) require defendant to provide a status report every 90

days following any remand order; (5) and instruct the board to provide copies to the Court and

the parties pursuant to the Court's rules.  Counsel for TSgt (RET) Conti stated she does not

oppose this motion.

<u>BACKGROUND</u>

This action involves review of a December 2019 AFBCMR decision to deny relief on

TSgt Conti's *pro se* application.  TSgt Conti argued in her application that the Air Force violated

various regulations by failing to appropriately resolve her "overgrade" status which precluded

her promotion to the next higher grade.

TSgt (RET) Conti alleges that she is entitled to a retroactive promotion to E-7, back pay, appropriate retirement pay, in part, because the Air National Guard (ANG) 149th Civil Engineering Squadron (149th) did not reassign her in accordance with ANG Instruction (ANGI) 36-2101, *Assignments within the National Guard (ANG)* (Apr. 10, 2012).  Comp. ¶¶ 11, 19, 25. She further alleges that had she been reassigned in accordance with regulation, she would have been both eligible and qualified to promote but that she did not promote because the 149th wrongfully kept her in an overgrade status.  Comp. ¶¶ 29, 59, 69.

On October 13, 2018, TSgt (RET) Conti submitted an application, DD Form 149, for the correction of her military records to the AFBCMR.  AR 6.  The AFBCMR considered TSgt (RET) Conti's submissions, her Master Human Resources Records, an advisory opinion from the Force Management Branch of the NGB (NGB/A1PP) (AR 136), and TSgt (RET) Conti's response to the advisory opinion (AR 133).  AR 5.  On November 21, 2019, the AFBCMR found that a preponderance of the evidence did not substantiate TSgt (RET) Conti's contentions.  AR 4. The board stated that it "concur[red] with the rationale and recommendation of the NGB/A1PP." *Id.*

The parties established a briefing schedule to the Court on March 3, 2021.  ECF No. 11. The schedule was modified on April 15, 2021.  ECF No. 12.  The Government filed its motion to dismiss or, in the alternative, motion for judgment on the administrative record, on April 29, 2021.  TSgt (RET) Conti responded on June 28, 2021.  The Government's reply was due on July 28, 2021.  The Government filed an unopposed motion for enlargement to look into the matter described below concerning an insufficiency in the record.

The Government, in drafting its reply, reviewed Air Force Instruction (AFI) 36-2603, which relates to procedures for correction of military records to remedy error or injustice.  AFI

36-2603, p. 1.  Compliance with the publications is mandatory.  *Id.*  The Government specifically reviewed § 4.2.2 addressing advisory opinions.  In that review the Government identified the following requirement:

> If the matter before the board pertains to a high-level decoration (Silver Star or higher), *promotion issues,* return to flying status, or contains allegations of reprisal, the opinion must be signed by at least a colonel (O-6) or GS-15 within the organization providing the advisory. **(T-1).**

AFI 36-2603, § 4.2.2.4 (emphasis added).  "T-1" refers to a commander of a major command or field command, a combatant commander, or the equivalent, having the authority to waive the requirement, after coordination with the publication's approval official.  Dept. of Air Force Instruction (DAFI) 33-360.

In this case, the AFBCMR requested an advisory opinion from NGB/A1PP concerning TSgt (RET) Conti's allegations.  AR 136.  The NGB/A1PP provided the advisory opinion, which was signed by MSgt (E-7) Latrisha M. Moore.  AR 131.  However, because NGB/A1PP's opinion was not signed by an O-6 or GS-15, or greater, the advisory opinion did not comply with the mandatory requirements of AFI 36-2603.

<u>ARGUMENT</u>

I.    <u>Legal Standards</u>

The Tucker Act allows this Court "to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just."  28 U.S.C. § 1491(a)(2).  The Supreme Court has held that "remand to [an] agency for additional investigation and explanation" is appropriate when "the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it."  *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

In the oft-cited case from this circuit concerning motions to remand, *SKF USA Inc. v.*

*United States*, 254 F.3d 1022, 1028-29 (Fed. Cir. 2011), after identifying three other grounds for remand not implicated here, the court held, "Fourth, even if there are no intervening events, the agency may request a remand (without confessing error) in order to reconsider its previous position.  It might argue, for example, that it wished to consider further the governing statute, or the procedures that were followed.  It might simply state that it had doubts about the correctness of its decision or that decision's relationship to the agency's other policies.  Here, the reviewing court has discretion over whether to remand."  *Id*. at 1029.

Before moving on to the fifth (also applicable here) ground for remand, the court explained further, "A remand may be refused if the agency's request is frivolous or in bad faith [discussing example from District of Columbia circuit] . . . .  Nevertheless, if the agency's concern is substantial and legitimate, a remand is usually appropriate."  *Id*.  As for the fifth ground, the court held, "Fifth and finally, the agency may request a remand because it believes that its original decision is incorrect on the merits and wishes to change the result. . . . .  Remand to an agency is generally appropriate to correct simple errors, such as clerical errors, transcription errors, or erroneous calculations."  *Id.* (citation omitted).

In 2020, this Court examined motions for remand in light of *SKF*, the military pay context, denying the motion in that case, holding that when "an agency requests a remand without confessing error, the agency must express some intent to reconsider the original agency decision that is the subject of the legal challenge."  *Keltner v. United States*, 148 Fed. Cl. 552, 563 (2020).  In *Rahman v. United States*, 149 Fed. Cl. 685, 690 (Fed. Cl. 2020), another judge of this Court examined *Keltner* and *SKF*, agreeing with *Keltner's* general analysis, but granting the Government's motion to remand in that case.  Noting that only the fourth *SKF* basis for remand was present there ("even if there are no intervening events [between an agency's decision and the

motion to remand], the agency may request a remand (without confessing error) in order to reconsider its previous position"), the court noted that "[i]n cases that fall within SKF's fourth category of agency positions on judicial review of their decisions, the Federal Circuit instructed that 'a remand is usually appropriate' when the agency's concern is 'substantial and legitimate.'" *Rahman*, 149 Fed. Cl. at 689. "One reason for allowing remand," the court continued, is to permit the agency "to consider further the governing statute, or the procedures that were followed." *Id*. The Court added that "[a] motion to remand may, however, 'be refused if the agency's request is frivolous or in bad faith' [and] should also be denied if it would either serve no useful purpose . . . or 'unduly prejudice the non-moving party.'" *Id*. (citations omitted).

Thus, the *Rahman* Court held, "such motions should be treated as with any other motion affecting the substantial rights of the plaintiff, by subjecting the government's position to careful analysis to ensure that the motion is properly supported and justified." *Id.* at 690. Applying those principles, the court granted the motion, finding the Government had raised "substantial and legitimate concerns about the correctness of" the Army's decision to release the plaintiff from active duty. *Id.* The Court further explained that "[a] review of Mr. Rahman's claim by the ABCMR would substantially aid in the resolution of this case," citing the fact that the "ABCMR might well conclude that the plaintiff's 2015 removal from active duty was in error, for either substantive or procedural reasons, or not," and that a medical review may be needed as well. *Id.*

II.     Basis For Remand

We request that the Court remand this case to the AFBCMR for four reasons. First, the Air Force has not complied with the requirements of AFI 36-2603, § 4.2.2.4, and therefore the board did not have a proper record to fully consider the claims asserted. *See Simons v. United States*, 25 Cl. Ct. 685, 702 (1992) (remanding to conduct proceedings in accordance with statutes

and regulations); *Fla. Power & Light v. Lorion*, 470 U.S. 729, 744 (1985) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation" when the agency has not made an initial determination on a matter.).  An agency may request a remand simply to "reconsider its previous position" without admitting error.  The Plaintiff asserts that this remand request is, in fact, predicated on an administrative error by the AFBCMR, specifically a failure to comply with AFI 36-2603, § 4.2.2.4.

Second, the Court may remand to direct an agency to take actions that will ensure a meaningful judicial review.  As the Supreme Court has explained:

> The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides.

*I.N.S. v. Orlando Ventura*, 537 U.S. 12, 17 (2002).  Here, as we propose, the board would not only correct and review the existing record, it would elicit and consider any new arguments and evidence TSgt (RET) Conti may wish to present regarding existing claims.  Thus, if following remand, further proceedings are warranted, the Court would have the benefit of a consolidated record compliant with mandatory regulations, and arguments made.

Third, remand serves the Court's – and the parties' – interest in resolving this matter in a just, speedy, and inexpensive manner.  *See* RCFC 1.  Indeed, as a result of this remand TSgt (RET) Conti might receive all of the relief she seeks with no further judicial proceedings.  Specifically, the AFBCMR is empowered to correct any military record, *Roth v. United States*, 378 F.3d 1371, 1382 (Fed. Cir. 2004), and pursuant to 10 U.S.C. § 1552(c)(1), the Secretary may pay a claim for allowances that stems from a records correction.  *See Wolfing v. United States*, 144 Fed. Cl. 516, 522 (2019) (granting a motion for remand in order "to afford the ABCMR an

opportunity to grant plaintiffs the relief they are seeking").

Fourth, unlike this Court, the AFBCMR is empowered "to correct an error or remove an injustice." 10 U.S.C. § 1552(a). Accordingly, the correction board can consider the equities of TSgt (RET) Conti's situation, along with her legal rights. Thus, even if the board were to ultimately disagree that TSgt (RET) Conti is legally entitled to the relief she seeks, it may determine nonetheless that, given the circumstances her claim presents, relief is necessary to "remove an injustice." And even if that did not result in full relief, she could return to Court to seek the balance of any claims not granted, and press not only the arguments presently before this Court but any others she might have presented to the board.

III.    <u>Remand Is Appropriate Here</u>

Although the Government need not confess error in the outcome, the Government has identified a "substantial and legitimate" reason for remand, namely that the complete analysis required by Air Force regulations has not yet taken place. There simply is no way to know without a remand how a full review occasioned by a review through the GS-15 level, vice the truncated review included in the record here, will alter the result – especially given the board's authority to consider injustices. Moreover, the agency has "express[ed] some intent to reconsider the original agency decision that is the subject of the legal challenge." *Keltner*, 148 Fed. Cl. at 563. Thus, the request is neither frivolous nor in bad faith.

Importantly, as explained further above, the remand also "will not unduly prejudice the non-moving party" *Rahman*, 149 Fed. Cl. at 690, because the outcome could completely change, including on equitable grounds this Court may not consider. Moreover, under the terms of the proposed remand, TSgt (RET) Conti may present any further argument to the board she wishes regarding existing claims. Indeed, TSgt (RET) Conti does not oppose to this motion. Thus,

there is no reason to presume any prejudice.

Finally, the board's review of the claim would substantially aid in the resolution of this case," *Keltner*, 148 Fed. Cl. at 563, because, as explained above, the board's review may obviate the need for further litigation.  And even if that turns out not to be the case, the board's decision will yield a complete record for this Court's review, because the board must consider all arguments made by TSgt (RET) Conti, provide the supporting documentation, and explain its rationale consistent with its expertise in this area."  *See Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006) (judicial review of military correction boards is conducted under the Administrative Procedure Act, and such review is generally limited to the administrative record).

As this Court has explained in a somewhat different context (parties disagreed whether an issue was before the board), "[r]egardless of the reason, it is clear the ABCMR did not consider [plaintiff's] incapacitation pay claim, and, as a result, the administrative record is inadequate for the Court to conduct judicial review.  In such an instance, the proper course of action is for the Court to remand to the agency for further consideration and a final decision, not for the Court to reach its own conclusions."  *Holmes v. United States*, 2021 WL 2853163 (Fed. Cl. 2021) (unpub'd).  Here, although the board considered the claim in a narrow sense, it did so on an insufficient record, so that it may not be said it fully considered the claim.

IV.    Remand Instructions

Once the Court determines that a remand is appropriate, the Court then issues an order pursuant to Rule 52.2.  Rule 52.2(a) provides that "[i]n any case within its jurisdiction, the court, on motion or on its own, may order the remand of appropriate matters to an administrative or executive body or official."  Rule 52.2(b)(1)(A) requires remand orders to contain directions that the Court deems "proper and just."  Here, in light of the insufficiency of the present record, we propose the following order and instructions to the board:

8

1. Remand this case pursuant to RCFC 52.2;

2. Stay further proceedings in this action pending the completion of the remand;

3. Instruct the board to:

   a. Rescind its 2019 decision;

   b. Strike or rescind the NGB/A1PP advisory opinion that did not comply with AFI 36-2603, § 4.2.2.4;

   c. Assign the remanded case to a case examiner who was not assigned to TSgt Conti's previous 2018 AFBCMR application;

   d. Empanel three members who did not decide TSgt (RET) Conti's 2018 application;

   e. Afford TSgt (RET) Conti or her counsel an opportunity to submit additional evidence, and arguments;

   f. Consider her application in accordance with the board's otherwise applicable procedures and powers, to include;

      i. explaining whether the 149th complied with Air National Guard Instruction (ANGI) 36-2101, *Assignments within the Air National Guard (ANG)* (Apr. 10, 2012), paras. 4.2 and 4.2.1 by TSgt (RET) Conti remaining in an overgrade-condition status effective January 1, 2012 for a period exceeding 24 months and again on July 12, 2015 (by NGB Form 36-11 backdated to October 1, 2014 through June 10, 2016);

      ii. explaining whether the 149th complied with ANGI 36-2101, para. 2.18.11;

      iii. explaining whether the 149th complied with ANGI 36-2502, *Promotion of Airmen*, para. 1.1.4 (June 17, 2010) and/or its successor regulation AFI 36-2502, *Enlisted Airman Promotion/Demotion Programs*, paras. 10.1.11.2–3 (Dec. 12, 2014);

      iv. explaining whether the 149th complied with ANGI 36-2101 paras. 2.18.2.2 and 2.18.4;

      v. explaining whether the 149th complied with the requirements articulated in Department of Defense Directive 1304.20, *Enlisted Personnel Management System (EPMS)* (July 28, 2005), para. 4.2.2 and Air Force Policy Directive (AFPD) 36-25, *Military*

*Promotion and Demotion* (May 7, 2014), para. 3.1.

    vi.  addressing the existence of any legal or factual error for all remand items, to fully evaluate and consider whether any remand item, individually or collectively, constitutes an injustice necessitating correction.

    g.  Promptly forward by email its decision to plaintiff's counsel of record (at brian@militaryandveteranslaw.com) and to counsel of record for the United States (at daniel.a.hoffman@usdoj.gov), and to forward two copies to the Clerk of the Court as provided by RCFC 52.2(d).

4.  Establish the initial duration of the remand for 180 days, which may be extended upon request if deemed necessary by the Court.

5.  Order defendant to file status reports every 90 days, starting from the date of the Court's order remanding the case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARTIN F. HOCKEY, JR.
Acting Director

/s/ Brian D. Schenk                    /s/ Steven J. Gillingham
BRIAN D. SCHENK                   STEVEN J. GILLINGHAM
Midwest Military & Veterans Law, PLLC    Assistant Director
301 4th Ave. S., Suite 5010
Minneapolis, MN 55415                /s/ Daniel A. Hoffman
Ph: (202) 557-6570 (c)                 DANIEL A. HOFFMAN
Fax: (612) 206-3170                   Trial Attorney
E-mail: brian@militaryandveteranslaw.com   Commercial Litigation Branch
                                   Civil Division
*Attorney for Plaintiff*                U.S. Department of Justice
                                   P.O. Box 480
                                   Ben Franklin Station
                                   Washington, D.C.  20044
                                   Telephone: (202) 353-0547
                                   Facsimile:  (202) 307-0972
                                   E-mail:    Daniel.A.Hoffman@usdoj.gov

                                   Of Counsel:
                                   OSASUMWEN N. IZEVBIGIE, Maj, USAF

Personnel and Information Law
DAF/JA-Civil Law and Litigation
1500 West Perimeter Rd., Suite 1370
Joint Base Andrews-
August 23, 2021                      Naval Air Facility, MD 20762