No. 20-1732C
(Judge Dietz)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LESLIE J. CONTI,

Plaintiff,

v.

UNITED STATES,

Defendant.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

|  |  |
|---|---|
|  | BRIAN M. BOYNTON<br>Principle Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | STEVEN J. GILLINGHAM<br>Assistant Director |
| Of Counsel: | DANIEL A. HOFFMAN<br>Trial Attorney<br>Commercial Litigation Branch |
| SCOTT MEDLYN, Maj, USAF<br>Personnel and Information Law<br>AF/JAC Military Personnel Law and Litigation<br>1500 West Perimeter Rd., Suite 1370<br>Joint Base Andrews-<br>Naval Air Facility, MD 20762 | Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Tel: (202) 253-0547 |
| November 15, 2022 | Attorneys for Defendant |

# **TABLE OF CONTENTS**

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND ............................... 1

MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD .................................. 1

BACKGROUND .................................................................................................................. 1

ARGUMENT ....................................................................................................................... 4

    I.       TSgt (RET) Conti's Request For Promotion Fails To State A Claim ...................... 4

        A.     TSgt (RET) Conti Cannot Establish The "Clear-Cut" Exception ........................... 6

        B.     TSgt (RET) Conti's Alleged Procedural Violations Are Decisions Committed To The ANG 149th's Discretion Which Do Not Provide This Court Tests Or Standards To Apply  9

        C.     There is Not A Substantial Connection Between Alleged Procedural Violations And TSgt (RET) Conti's Failure To Enter The Promotion Process ................................. 11

    II.      The AFBCMR Decision Was Not Arbitrary, Capricious, Or Unsupported By Substantial Evidence ................................................................................................ 12

    III.     If The Court Determines TSgt (RET) Conti Has Stated A Claim, And The AFBCMR Has Authority To Consider The Promotion, The Court Should Remand The Matter To The Board With Direction To Bolster The Record ................................................. 13

# **TABLE OF AUTHORITIES**

PAGE(S)

**Cases**

*Adkins v. United States*,
  68 F.3d 1317 (Fed. Cir. 1995) ................................................................................... 5, 11

*Antonellis v. United States*,
  723 F.3d 1328 (Fed. Cir. 2013) ....................................................................................... 10

*Ass'n of Civilian Technicians, Inc. v. United States*,
  603 F.3d 989 (D.C. Cir. 2010) ........................................................................................ 13

*Bader v. United States*,
  160 Fed. Cl. 529 (2022) .................................................................................................. 11

*Baker v. Carr*,
  369 U.S. 186 (1961) ........................................................................................................ 10

*Barnes v. United States*,
  473 F.3d 1356 (Fed. Cir. 2007) ........................................................................................ 8

*Burlington Truck Lines, Inc. v. United States*,
  371 U.S. 156 (1962) ........................................................................................................ 12

*Butler v. Principi*,
  244 F.3d 1337 (Fed.Cir.2001) ........................................................................................ 14

*Driscoll v. United States*,
  158 Fed. Cl. 399 (2022) .................................................................................................. 10

*Dysart v. United States*,
  369 F.3d 1303 (Fed. Cir. 2004) .................................................................................... 7, 8

*Fisher v. United States*,
  402 F.3d 1167 (Fed. Cir. 2005) ........................................................................................ 4

*Gose v. U.S. Postal Serv.*,
  451 F.3d 831 (Fed. Cir. 2006) ........................................................................................ 12

*Hale v. United States*,
  107 Fed. Cl. 339 .............................................................................................................. 6

*Hary v. United States*,
  618 F.2d 704 (Ct. Cl. 1980) ........................................................................................... 11

*Keller v. United States*,
   113 Fed. Cl. 779 (2013) ................................................................................................... 5

*Knightly v. United States*,
   227 Ct. Cl. 767 (1981) ..................................................................................................... 5

*Law v. United States*,
   11 F.3d 1061 (Fed. Cir. 1993)......................................................................................... 5

*Lewis v. United States*,
   458 F.3d 1372 (Fed. Cir. 2006)................................................................................... 7, 8

*Lindsay v. United States*,
   295 F.3d 1252 (Fed. Cir. 2002).................................................................... 5, 9, 10, 11

*Miller v. United States*,
   119 Fed. Cl. 717 (2015) ........................................................................................ 4, 5, 7

*Murphy v. United States*,
   993 F.2d 871 (Fed. Cir. 1993)......................................................................................... 9

*Pedden v. United States,*
   145 Fed. Cl. 785 (Ct. Cl. 2019) .................................................................................. 7, 8

*Sargisson v. United States,*
   913 F.2d 918 (Fed.Cir.1990).................................................................................... 9, 10

*Securities & Exchange Comm'n v. Chenery Corp.*,
   332 U.S. 194 (1947) ................................................................................................ 12, 13

*Smith v. Army*,
   384 F.3d 1288 (Fed. Cir. 2004).............................................................................. 4, 5, 6

*Voge v. United States*,
   844 F.2d 776 (Fed. Cir. 1988)............................................................................... 8, 9, 10

**Statutes**
10 U.S.C. § 1370............................................................................................................... 11

10 U.S.C. § 1552............................................................................................................. 2, 3

10 U.S.C. § 1552(a)(1)..................................................................................................... 1, 2

**Rules**
RCFC 12(b)(6).................................................................................................................. 5, 8

RCFC 52.1 ............................................................................................................................ 1

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

The United States respectfully responds to TSgt (RET) Conti's response to our motions to dismiss the complaint under Rule 12(b)(6) of the Rules of the Court of Federal Claims (RCFC) or, in the alternative, grant judgment on the administrative record in favor of the United States pursuant to RCFC 52.1.  ECF 35.

## BACKGROUND

Upon this Court's August 31, 2021 remand to the Air Force Board for Correction of Military Records (AFBCMR), TSgt (RET) Conti requested that the "AFBCMR correct her records to reflect (a) promotion to E-7 with an effective date of March 3, 2014; and (b) an adjusted retired grade of E-7 effective on the date of her retirement." AR 7.  The AFBCMR declined, finding "a preponderance of the evidence does not substantiate [TSgt (RET) Conti's] position with regard to her promotion to the rank and grade of master sergent (E-7)" and finding TSgt (RET) Conti's "contention that correction of her overgrade condition would have resulted in her promotion to be wholly speculative."  AR12.  They also found TSgt (RET) Conti's request was outside the AFBCMR's authority, relying on Air Force Instruction (AFI) 36-2502 for the conclusion that the authority to approve promotion of a drill status guardsman, like TSgt (RET) Conti, to the rank and grade of master sergeant (E-7) lies within the final discretion of the Texas Air National Guard (TXANG) Adjutant General (TAG).  *Id.*

Thereafter TSgt (RET) Conti filed her complaint, arguing the AFBCMR was arbitrary and capricious in two regards: its lack of authority finding and its "wholly speculative" promotion finding.  The first refers to the board's finding that it lacked authority to promote TSgt (RET) Conti in the Texas National Guard, despite its authority to correct "any military record of the Secretary's department."  *See* Am. Compl. ¶¶ 104 (quoting 10 U.S.C. §

1552(a)(1)), 110, 116, and 120 (ECF 31). The second refers to the board's finding that TSgt (RET) Conti's allegation that she would have been promoted had her overgrade condition been resolved was wholly speculative. *See id.*

For her lack of authority argument, TSgt (RET) Conti's MJAR asserted that the board's recommendation that she "seek relief from the state agency holding the appropriate authority" ignores both the Air National Guard (ANG) status as a "federal entity even when not in active federal service" and "the reach of the AFBCMR's remedial records-correction authority under 10 U.S.C. § 1552." *See* Pl. MJAR p. 24-25.[1] She also argued that her Federal "status as a reserve member" gives the AFBCMR the authority to correct her records, even though that would require that she be promoted to Master Sergeant, E-7. *Id.* at 25-26. In support, the motion cited cases where the AFBMCR corrected other ANG member records. But, as our response pointed out, none of these cases involved an ANG member's retroactive promotion without ANG concurrence. Def. MJAR/MTD, p. 44.

Stating the AFBCMR's "wholly speculative" argument is arbitrary and capricious, TSgt (RET) Conti agreed that even if the ANG 149th Civil Engineering Squadron (149th) had complied with the Assignment Instruction 2.18.11,[2] and unilaterally remedied her overgrade

---

[1] For simplicity defendant will refer to the four MJAR and MTD related as:
TSgt (RET) Conti's MJAR or Pl. MJAR (ECF 33);
Def.'s MJAR/MTD (ECF 34);
TSgt (RET) Conti's Reply or Pl. Reply (ECF 35);
Def.'s Reply (ECF 36).

[2] "Assignment Instruction" refers to Air National Guard Instruction (ANGI) 36-2101, titled "Assignments Within the Air National Guard." Paragraph 2.18.11 states: "Any member assigned in an excess or overgrade status must be reassigned to the first available position commensurate with their grade and for which they are qualified." Def.'s MJAR/MTD, Ex. B para. 2.18.11.

2

status with an E-6 position, that alone would not have ended the matter, because she still would not have been in an E-7 position as required by Promotion Instruction paragraph 2.1.2.[3]  *See* Pl. MJAR p. 28.  The motion argued, however, that that does not make her promotion "wholly speculative" because, it further argues, the AFBCMR also found the 149th failed to provide "visible, relatively stable career progression opportunities" pursuant to DoDD 1304.20 paragraph 4.2.2 and have a force management plan in place pursuant to Promotion Instruction paragraph 1.1.4.[4]  *See id.*  That is so, the motion contended, because those findings prove the instructions provide *specific* objective requirements, the 149th *clearly* violated those requirements, and that there is a *nexus* between the 149th's alleged violations and her failure to promote.  *See id.* at 28-29; AR11.

Our motion and response to TSgt (RET) Conti's motion explained that because the NGB/A1PP did not gather additional evidence from the TXANG, the AFBCMR process derived

---

[3]  For ease, defendant's Reply will only refer to Promotion Instruction para. 2.1.2, though two different promotion instructions were in effect, ANGI and AFI 36-2502, with two different paragraphs.  Both promotion instructions required an ANG member to be assigned to a position greater than or equal to their promotion grade to be considered for promotion.  *See* Def.'s MJAR/MTD, Ex. C para. 2.1.2 and Ex. D para. 10.1.15.2.

ANGI 36-2502 was in effect until December 14, 2014, when AFI 36-2502 superseded it.  Because TSgt (RET) Conti claims March 3, 2014, is "the earliest she would have been eligible for promotion but for the 149's procedural violations" and she did not reenter the Disability Evaluation System (DES) until January 2016, both ANGI and AFI 36-2502 were applicable in the period in which the only encumbrance to her promotion was her overgrade condition.  AR319; *see* Pl. Reply, p. 6-7.

[4]  For ease, defendant's Reply will only refer to Promotion Instruction para. 1.1.4, though two different promotion instructions were in effect, ANGI and AFI 36-2502, with two different paragraphs.  *See* fn. 3, *supra*; Def.'s MJAR/MTD, Ex. C para. 1.1.4 and Ex. D para. 10.1.11.3.  Promotion Instruction Paragraph 1.1.4, states: "Commanders. Commanders will ensure their personnel meet all promotion criteria as outlined in this instruction prior to promotion. They are also responsible for ensuring that a viable personnel force management plan is in place to provide for the progressive development and upward mobility of their assigned personnel."

exclusively from evidence provided by TSgt (RET). *See* Def.'s MJAR/MTD p. 39 (ECF 34). Nonetheless, our motion explained that TSgt (RET) Conti's claims are nonjusticiable because: (1) her reassignment allegations are professional military judgments; (2) the reassignment instruction does not provide a workable test or standard to apply to these facts; and (3) even if TSgt (RET) Conti were in the promotion process, which she was not, her case is non-justiciable because it is undisputed she was not within the "clear-cut" exception to justiciability. We also explained that the AFBCMR's "wholly speculative" finding was warranted and further explained why the AFBCMR could not bypass the TAG's authority to promote.

TSgt (RET) Conti's reply focuses its argument on establishing that her alleged procedural violations by the ANG 149th entitle her to the clear-cut promotion exception, thereby opposing our motion to dismiss for failure to state a claim.

## ARGUMENT

### I.   TSgt (RET) Conti's Request For Promotion Fails To State A Claim

TSgt (RET) Conti argues in her reply that the "Military Pay Act provides for the difference in pay Ms. Conti would have received had the AFBCMR properly exercised its authority and found that she should have been promoted" thereby establishing jurisdiction. Pl. Reply, pgs. 14-15 (relying on *Miller v. United States*, 119 Fed. Cl. 717, 729 (2015) (quoting *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005)). Assuming that is true, she has still failed to state a claim based on justiciability and her lack of clear-cut right to promotion.

The Military Pay Act is considered a money-mandating statute. *Smith v. Army*, 384 F.3d 1288, 1294 (Fed. Cir. 2004). But the Court cannot exercise jurisdiction over a matter where the Military Pay Act would not "provide a monetary remedy under the circumstances of th[e] case." *See id.* The monetary remedy provided by the Military Pay Act is limited to the salary of the

rank to which she is appointed and in which she serves.  *Id.*  The Court, therefore, "do[es] not have jurisdiction of a back pay claim predicated on a promotion not received."  *Id.* (citing *Knightly v. United States*, 227 Ct. Cl. 767, 769 (1981)); *Law v. United States*, 11 F.3d 1061, 1065 (Fed. Cir. 1993) (stating that the courts are "without authority to grant [ ] promotion[s]").

   Here, presumably, the jurisdictional basis of TSgt (RET) Conti's claim under the Military Pay Act is that she would have been entitled to increased pay and benefits for the promotion she allegedly should have received but did not receive.  *See* Am. Compl. p. 25 (prayer for relief).  But "decision[s] not to promote . . . do[] not give rise to a right to the pay of the higher rank for which the plaintiff was not selected."  *Law*, 11 F.3d at 1064.  But that requires the Court to either assume the (unestablished) promotion or order the promotion.  That, of course, it cannot do.  *See Miller v. United States*, 119 Fed. Cl. 717, 730-31 (2015) (citing, *e.g. Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002) ("Judgments made by military officials or administrative bodies that a particular officer does not *merit* promotion or retention fall into this category, and courts will refuse on jurisprudential grounds to review such decisions, even if the court has jurisdiction to do so.") (emphasis added) (citing, *e.g. Adkins v. United States*, 68 F.3d 1317, 1322 (Fed. Cir. 1995) ("The *merits* of a service secretary's decision regarding military affairs are unquestionably beyond the competence of the judiciary to review.") (emphasis added)); *see also Keller v. United States*, 113 Fed. Cl. 779, 787 (2013), *aff'd*, 565 F. App'x 873 (Fed. Cir. 2014).  This request for relief must be dismissed under RCFC 12(b)(6).

   There are, however, two narrow exceptions under which this Court can affect promotions (disregarding any concern that promotion is a State matter).  Only one of those exceptions could possibly apply here:  that TSgt (RET) Conti "satisfied all the legal requirements for promotion,

5

but the military has refused to recognize his [or her] status," known as the "clear-cut" exception.[5] *Smith*, 384 F.3d at 1294-95. We discuss this argument below.

### A. TSgt (RET) Conti Cannot Establish The "Clear-Cut" Exception

The traditional "all the legal requirements for promotion" *Smith* clear-cut exception is exceedingly narrow, and TSgt (RET) Conti's reply plainly admits she does not satisfy those requirements. *See* Pl. Reply, pgs. 23-24 ("Ms. Conti would have been promotion eligible . . . ."); *id.* at 24 ("[H]er command's procedural violations prevented her from meeting promotion eligibility requirements and from advancing in her career."); *see Hale v. United States*, 107 Fed. Cl. 339, 343–44, *aff'd*, 497 F. App'x 43 (Fed. Cir. 2012) (complaint dismissed for failure to state a claim where plaintiff failed to plead enough facts showing that she was promoted or that she satisfied all the criteria for promotion, thereby failing to establish a clear-cut legal entitlement to promotion). Defendant's MJAR made plain that TSgt (RET) Conti had not "satisfied all the legal requirements for promotion" and was also not even in the promotion process, thus she could not avail herself of the clear-cut exception. Def. MJAR, p. 35-37. TSgt (RET) Conti's retort seems to be that anything that contributes to a promotion (or not) satisfies the rule. Pl. Reply, p. 18-19. This slippery-slope argument is obviously unworkable, and well beyond the "by law" requirement. Regardless, she has no response to the fact that the Promotion Instruction anticipates a discretionary process, whereby even if she met the minimum eligibility criteria (which she did not) she only "[could] be considered eligible for promotion[.]" *See* Def.

---

[5] The second is "the decision not to promote the service member leads to the service member's compelled discharge." *Smith*, 384 F.3d at 1294-95.

6

MJAR, Ex. C, Promotion Instruction, para. 1.4.1, p. 5 (Actions Required Prior to Promotion Approval).

Anticipating these hurdles, TSgt (RET) Conti argues *Dysart v. United States*, 369 F.3d 1303 (Fed. Cir. 2004), holds that the clear-cut "standard may be met even if there are discretionary acts that would have needed to occur absent the improper action that prevented the promotion." Pl. Reply p. 24. TSgt (RET) Conti, however, misunderstands *Dysart*. As this Court in *Miller* observed, "[i]n *Dysart* . . . the Federal Circuit acknowledged that certain promotion decisions, *once made* but only partially implemented, could be the subject of a proper promotion claim." *Miller*, 119 Fed. Cl. at 731 (citing *Dysart*, 369 F.3d at 1315) (emphasis added). Here, like the plaintiff in *Miller*, there is not a decision made that promotes TSgt (RET) Conti to E-7. This case, like *Miller*, is "the more typical scenario of non-selection for promotion, [therefore] the exception found in cases such as *Dysart* does not apply." *Id.*

TSgt (RET) Conti's reliance on *Pedden v. United States* is equally misplaced. Pl. Reply p. 23-24 (citing 145 Fed. Cl. 785, 795 (Ct. Cl. 2019)). TSgt (RET) Conti represents that *Pedden* explains "that a promotion prevented or delayed by a subordinate official's misconstruction of a statute qualifies as a case of clear-cut legal entitlement[.]" *Pedden*, however, cannot stand for that proposition because *Pedden*, like *Dysart*, finds the statute created discretion and was not misconstrued. *Pedden*, 145 Fed. Cl. at 797-98 ("In fact . . . the Defense Directive . . . vests discretion in the Secretary of each military department.").[6] Thus here, *Pedden* is inapplicable,

---

[6] *Pedden* quotes *Lewis v. United States*, 458 F.3d 1372, 1378 (Fed. Cir. 2006), for the proposition that "[a] [clear-cut] promotion claim's reviewability depends on whether the denial of the promotion was an official's exercise of 'Presidential discretion in declining to grant the appointment or whether the official is improperly construing the Constitution, a statute, or regulation directing appointments (in which case the action is reviewable).'" *Pedden*, 145 Fed.

but *Miller* applies, as discussed above, and TSgt (RET) Conti's promotion claim based on a traditional "all the legal requirements of promotion" basis must be dismissed under RCFC 12(b)(6).

There is, however, a path for plaintiffs to avail themselves of the *Smith* "clear-cut" exception when they might not otherwise meet the traditional requirements. In pursuing this path, a servicemember must identify the violation of a procedure, that, if followed, would necessarily result in promotion. *See Barnes v. United States*, 473 F.3d 1356, 1361 (Fed. Cir. 2007) ("although the merits of military promotion decisions are nonjusticiable, a challenge to a particular procedure followed in rendering a military decision may present a justiciable controversy." (citations omitted)); *Voge v. United States*, 844 F.2d 776, 782 (Fed. Cir. 1988) ("Accordingly, absent a statute or regulation entitling a service member to a promotion as a matter of law, the Claims Court has no authority to entertain this claim.").

TSgt (RET) Conti, thus, couches her allegations against the 149th as procedural rather than one of the "thousands of [ ] routine personnel decisions regularly made by the services which are variously held nonjusticiable or beyond the competence or the jurisdiction of courts to

---

Cl. at 795 (quoting *Lewis*, 458 F.3d at 1378). Stated more clearly, *Lewis* and *Pedden* state that where a plaintiff has a clear-cut promotion claim, it is not reviewable if it is stopped based on discretion (a merit decision), whereas it is reviewable if it is stopped based on improperly interpreting a statute or regulation (a procedural decision). Both *Lewis* and *Pedden* analyze whether the procedural path (discussed in detail below) to the clear-cut exception applies, and find that it does not. *Id.* at 796 (For purposes of justiciability, the *Pedden* Court states: "Were Lt. Col. Pedden to prevail on the merits of his claim, he would have a clear-cut legal entitlement to the promotion in question.") (citations omitted). However, the *Dysart*, *Lewis*, and *Pedden* claims all eventually failed because discretion stood between them and their appointment. *See Lewis*, 458 F.3d at 1378-79; *see Dysart*, 369 F.3d at 1315; *see Pedden*, 145 Fed. Cl. at 797-98 ("In fact . . . the Defense Directive . . . vests discretion in the Secretary of each military department.").

wrestle with."  *See* Pl Reply, pgs. 15-25; *Voge,* 844 F.2d at 780 (and cases cited).  She alleges that the procedures are "tests and standards" against which the Court can measure the 149th's conduct.  *See Murphy v. United States*, 993 F.2d 871, 872–73 (Fed. Cir. 1993) (citing *Sargisson v. United States,* 913 F.2d 918, 922 (Fed.Cir.1990)).  Finally, TSgt (RET) Conti alleges there is a "nexus between the error or injustice and the subsequent decision not to promote . . . [her] . . . ."  *See Lindsay*, 295 F.3d at 1257-59 (citation omitted) ("A claim of procedural violations may present a justiciable controversy because the test or standards against which this court measures the military's action are inherent: they are the applicable statutes and regulations.").  Based on the undisputed and disputed facts before this Court, none of TSgt (RET) Conti's procedural allegations survive scrutiny.

     **B.**    **TSgt (RET) Conti's Alleged Procedural Violations Are Decisions Committed To The ANG 149th's Discretion Which Do Not Provide This Court Tests Or Standards To Apply**

TSgt (RET) Conti does not dispute that her predicate claim – the one on which all the other claims depend – is that the 149th failed to reassign her as she alleges was required by Assignment Instruction 2.18.11: "Any member assigned in an excess or overgrade status must be reassigned to the first available position commensurate with their grade and for which they are qualified."  *See* Def. MJAR/MTD, p. 29; Pl. Reply, p. 4 ("Ms. Conti could not simply reassign herself."); *id.*, p. 20 ("all of which frame the command's obligation to reassign an overgrade member . . . ."); *id.*, p. 22 ("Her unit violated regulations when it . . . failed to . . . take mandatory action reassign her . . . ."); Def.'s MJAR/MTD, Ex. B para. 2.18.11.

     TSgt (RET) Conti's view of the ANG 149th's responsibilities under Assignment Instruction 2.18.11, however, is far too narrow.  As discussed in defendant's MJAR/MTD, paragraph 2.18.2, found just before paragraph 2.18.11, gives discretion to unit commanders

9

making assignment/reassignment decisions to give "primary considerations to mission needs and ANG requirements."  Def.'s MJAR/MTD, Ex. B para. 2.18.2.  TSgt (RET) Conti has no answer for how the Court is supposed to judge the ANG 149th's balancing of the competing priorities.  This Court analyzing what "mission needs and ANG requirements" the 149th should have been prioritizing is not appropriate for judicial review and "beyond the ken of judicial competence."  *Sargisson*, 913 F.2d at 921–22; *Driscoll v. United States*, 158 Fed. Cl. 399, 409 (2022).  There is no question that the 149th's duties under the Assignment Instruction cannot be judicially identified, nor the breach of those duties judicially determined, nor protection for the asserted right molded.  *See Baker v. Carr*, 369 U.S. 186, 198 (1961).  Simply, the Assignment Instruction provides no basis for this Court to "finally and effectively decide, under tests and standards which [it] can soundly administer within [its] special field of competence."  *Voge,* 844 F.2d at 780 (internal quotations omitted).

      DoDD 1304.20 and Promotion Instruction paragraph 1.1.4, on which TSgt (RET) Conti also bases her claims, are equally discretionary in their execution, with no "tests or standards for the court to apply."  *See Antonellis v. United States*, 723 F.3d 1328, 1334 (Fed. Cir. 2013) (quoting *Voge*, 844 F.2d at 780).  There are no "specific objective[s]" created by the requirement that the ANG 149th provide "visible, relatively stable career progression opportunities[,]" nor the requirement to implement a force management plan adequately "providing for the progressive development and upward mobility of their assigned personnel."  *See Lindsay*, 295 F.3d at 1259; Def.'s MJAR/MTD, Ex. C para. 1.1.4.

      TSgt (RET) Conti argues that the ANG 149th failing to place her "in an E-7 authorized position would have contravened their obligation to provide stable career progression under DoDD 1304.20."  Pl. Reply, p. 12.  She points to nothing in 1304.20, however, that she is

10

applying the facts of this case to reach that conclusion. *Id.* The law requires that the Court "determine[] whether the procedures were followed by applying the facts to the statutory or regulatory standard." *Adkins*, 68 F.3d at 1323–24. TSgt (RET) Conti's lack of analysis shows that there are no inherent tests or standards in DoDD 1304.20, or the alleged portions of the Assignment or Promotion Instruction. *Id.*

Where a procedure falls within the discretion of the actor, or there are no tests or standards, it is nonjusticiable. *See Sargisson*, 913 at 921–22 ("Neither AFR 36–12 ¶ 71 nor the Letter of Instructions gave any 'tests or standards' by which the Claims Court could determine whether the decision to release Sargisson from active duty was correct."); *Bader v. United States*, 160 Fed. Cl. 529, 542–43 (2022) ("Applying these standards to this case, under 10 U.S.C. § 1370, the determination of satisfactory service of an officer for purposes of an officer grade determination falls within the discretion of . . . the Secretary of the Air Force.")

      **C.**    <u>**There is Not A Substantial Connection Between Alleged Procedural Violations And TSgt (RET) Conti's Failure To Enter The Promotion Process**</u>

Even if his Court determines that the procedural violations alleged by TSgt (RET) Conti provide adequate tests or standards, and that the ANG 149th violated those procedures, TSgt (RET) Conti still cannot demonstrate a substantial connection between the alleged violations and her failure to promote. *Lindsay*, 295 F.3d at 1259 (citing *Hary*, 618 F.2d at 707) (it is claimant's burden "to set forth a prima facie showing of substantial connection between the error and the adverse action . . . by showing that the error substantially affected the decision in question[.]").

Nowhere in TSgt (RET) Conti's MJAR or reply does she demonstrate a substantial connection between the errors she alleges and her failure to enter the promotion process. *See* Pl. MJAR, pgs. 1 and 29-30; Pl. Reply, pgs. 1, 13, 18, and 22. TSgt (RET) Conti's theory is that

were the 149th to unilaterally resolve her overgrade status pursuant to Assignment Instruction 2.18.11, then DoDD 1304.20 and Promotion Instruction paragraph 1.1.4 would propel her not only into the E-7 position required for her to be considered for promotion, but also propel her to an E-7 promotion. *See* Pl. Reply, p. 11-13. As the AFBCMR conservatively observed, this proposed outcome is "wholly speculative[,]" and defendant's MJAR/MTD has already explained why. AR12; Def. MJAR/MTD, p. 39-43.[7] On this record, the AFBCMR decision should survive review.

## II. The AFBCMR Decision Was Not Arbitrary, Capricious, Or Unsupported By Substantial Evidence

Much of defendant's discussion above already addresses TSgt (RET) Conti's argument that the AFBCMR was arbitrary and capricious in finding her alleged procedural violations did not preclude her promotion to E-7. Here, we focus on TSgt (RET) Conti's argument that the AFBCMR was arbitrary and capricious to conclude that it did not have the authority to promote a drill status guardsman to the rank of E-7.

Here, although the AFBCMR identified injustices, it found TSgt (RET) Conti's proposed remedy, promotion to the rank and grade of E-7 to be "wholly speculative." AR12. Moreover, not only was it "wholly speculative," it was actually impossible for the AFBCMR to do because "authority to approve promotion of a drill status guardsman to the rank and grade of master sergeant (E-7), lies within the discretion of the state Adjutant General [TAG]." *Id.* Thus, for

---

[7] TSgt (RET) Conti's allegation that defendant is engaged in post-hoc rationalization is unfounded in fact, and law. *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962), which is what *Gose v. U.S. Postal Serv.*, 451 F.3d 831, 838 (Fed. Cir. 2006) relies on, holds that "an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself[.]" *Burlington*, 371 U.S. at 168 (citing *Securities & Exchange Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). Expounding on the same basis articulated by the agency – which is what defendant did here – does not equate to a different basis.

12

two separate reasons, there were no "steps to grant thorough and fitting relief" because promotion to E-7 is a necessary precursor to TSgt (RET) Conti getting any of the pay or other associated benefits requested.

Consistent with the AFBCMR's decision, defendant's MJAR/MTD explained why the AFBCMR's explanation regarding the TAG's authority was correct. Def. Reply, pgs. 43-45.Assuming for the moment that the AFBCMR believed that TSgt (RET) Conti should be promoted, ordering the TXANG do so would require the AFBCMR to ignore the requirements of AFI 36-2502, which provides that the "authority to approve promotions to the grades of MSgt, SMSgt, and CMSgt is TAG." Def.'s MJAR/MTD, para. 10.1.2.1. That, however, oversteps the board's bounds and invades the province of a State, through its Adjutant General. *Ass'n of Civilian Technicians, Inc. v. United States*, 603 F.3d 989, 991 (D.C. Cir. 2010) (Board found National Guard discharges erroneous and unjust, but stating it lacked the authority to order the Guardsmen's reinstatement in the National Guard). Unsurprisingly, therefore, TSgt (RET) Conti has produced no BCMR decisions where this happened..

### III. If The Court Determines TSgt (RET) Conti Has Stated A Claim, And The AFBCMR Has Authority To Consider The Promotion, The Court Should Remand The Matter To The Board With Direction To Bolster The Record

The AFBCMR found it lacked authority to promote TSgt (RET). For that reason, the administrative record before the board – which is based on TSgt (RET) Conti's submissions and did not include records from the TXANG—was ultimately superfluous to the result. It is true that NGB/A1PP could have attempted to communicate and coordinate with the TXANG to get the TXANG's input but did not attempt to do so, however, neither the AFBCMR nor NGB/A1PP could compel the TXANG to provide evidence to the AFBCMR process given the TXANG is a State entity. On the existing record the AFBCMR found "the unit did not comply with ANGI

13

36-2101, paragraph 2.18.11," see AR11, however the board concluded that TSgt (RET) Conti's allegations that correcting her overgrade condition would have resulted in her promotion were "wholly speculative." Should the Court determine that the AFBCMR has the authority to consider the promotion, giving TSgt (RET) Conti a second bite at the apple, the result of that second bite would be unlikely to change given the current identical record. Thus, before the second bite takes a place, the Board should at least attempt to develop a better record concerning the second bite.

Accordingly, if the Court decides TSgt (RET) Conti has stated a claim, and the AFBCMR had the authority to grant the relief requested, the proper course would be to remand the matter to the board for further development of a record not predisposed to the same result. In fact, without an appropriate record, the presumption of regularity applies to the ANG 149th's actions. *See Butler v. Principi*, 244 F.3d 1337, 1339 (Fed.Cir.2001).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court dismiss TSgt (RET) Conti's Complaint, or, in the alternative, grant judgment upon the administrative record in favor of the United States.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

 /s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

|  |  |
|---|---|
| Of Counsel: | /s/ Dan Hoffman |
|  | DANIEL A. HOFFMAN |
|  | Trial Attorney |
| SCOTT MEDLYN, Maj, USAF | Commercial Litigation Branch |
| Personnel and Information Law | Civil Division |
| AF/JAC-Military Personnel Law and Litigation | Department of Justice |
| 1500 West Perimeter Rd., Suite 1370 | P.O. Box 480 |
| Joint Base Andrews- | Ben Franklin Station |
| Naval Air Facility, MD 20762 | Washington, DC 20044 |
|  | Tel: (202) 307-0972 |
| November 15, 2022 | Attorneys for Defendant United States |